McAllister *v.* Ball.

---

WILLIAM K. McALLISTER, Plaintiff in Error, *v.* ROBERT R. BALL, Defendant in Error.

ERROR TO THE SUPERIOR COURT OF CHICAGO.

If a declaration contains several counts, and the defendant pleads to but one, a default may be taken as to the unanswered counts at a term subsequent to that

McAllister *v.* Ball.

at which issue is joined on the plea. If the plaintiff takes judgment by *nil dicit* before the trial of the issue, it will be in time.

The doctrine of discontinuance does not apply to a case where one or more of several counts is fully answered; but to those cases where a count is only answered in part.

A judgment where there might be a technical discontinuance may be taken by *nil dicit* for the part unanswered, at any time, before a trial on the issues presented.

The doctrine of discontinuance is not entitled to the favorable consideration of the court.

A plea of the general issue filed to a declaration having special and common counts, the latter of which are dismissed ; an amended declaration being filed having the common counts, the old plea does not stand to the amended declaration.

A defendant should answer an amended declaration anew, unless he has a plea on file which would answer any declaration in the form of action used.

THIS action was assumpsit brought to the April term, 1859, of the Cook County Court of Common Pleas.

The plaintiff's declaration was filed on the 4th of March, 1859, containing three special counts, based upon three several promissory notes.

The first count describes a note for one hundred dollars, payable in three months. The other two respectively describe a note for fifty-seven dollars, payable, one in. six, and the other in nine months.

To these special counts were added the common counts for money lent and advanced ; money paid, laid out and expended; money had and received ; and for goods, etc., sold and delivered.

The defendant, on the 6th day of April, 1859, filed a demurrer to the special counts, and to the common counts, the general issue, as follows (after the title to the cause) : "And the said defendant, as to last, or *common counts,* in the declaration aforesaid, in his own proper person comes and defends the wrong and injury, when, etc., and says he did not undertake or promise, in manner and form as the said plaintiff *in those counts* hath complained against him, and of this he puts himself upon the country," etc. And also filed therewith a proper affidavit of merits.

The court overruled the demurrer to the special counts, and rendered final judgment in the cause.

On the 25th day of January, 1861, the plaintiff's attorney obtained an order of the court, striking out the said common counts from his declaration, and also for leave to amend his declaration ; and thereupon at the same time filed his amended declaration, which contains all the identical causes of action, set out in the same allegations and words as in the original, including the common counts, for money lent and advanced ; money paid, laid out, and expended ; money had and received ; and for goods, wares and merchandise sold and delivered.

On the 4th day of February, A. D. 1861, at the said term of said court, the defendant filed a plea to the first special count, one of those to which the demurrer was overruled, and made no plea whatever to the second and third special counts.

At the March term, 1861, the plaintiff filed his replication to the special plea to said first count, but did not take defendant's default as to either the second or third counts, which remained unanswered.

The case was reached and called for trial at the April term, 1861, of said court, whereupon the plaintiff moved the court to enter defendant's default not only as to the said second and third counts, but also as to the common counts ; to which the defendant then and there objected ; but the court overruled the objection, and ordered that the defendant's default be entered both as to said second and third counts, and the common counts ; to which the defendant excepted.

The defendant thereupon objected to the trial of the cause, and moved that the same be dismissed, on the ground that the plaintiff, by replying to defendant's special plea, without causing his default to be entered as to the part of plaintiff's declaration unanswered by plea, at the same time at which it was filed, discontinued his action.

But the court overruled both the objection and motion ; and the defendant excepted.

The case was thereupon given to the jury, who assessed the damages on the counts upon which default was taken, at

two hundred and fifty-eight dollars and forty cents, for which judgment was immediately rendered by the court.

The defendant in the court below sued out a writ of error from this court, to review the said proceedings, and assigns for error :

The court erred in taking the defendant's default as to the common counts, whilst a plea of the general issue, specifying the said counts, was regularly upon the files in said cause. That the striking out of said counts, and immediately restoring the same, under leave to file an amended declaration, did not obviate the said plea.

The court also erred in overruling the motion to dismiss the cause for discontinuance, by replying without taking the default of defendant, at the same term of filing said plea and replication.

The court erred in permitting the said plaintiff to take defendant's default as to the portion of declaration unanswered, at a term subsequent to that of filing said plea and replication.

W. K. McALLISTER, *pro se.*

The court erred in ordering the default of defendant below to be entered as to the common counts.

In *Wright et al.* v. *Lessee of Hollingsworth et al.*, 1 Peters, R. 165, after the defendants had pleaded the general issue, the plaintiffs added a new count. The court say that the authorities cited "prove unqustionably that upon amendments being made to the declaration, by adding a count, the defendants had the right to plead *de novo;* they prove nothing more. They do not show that the defendants in such cases *must necessarily* plead *de novo ;* or, *that judgment may be entered by default*, for want of a plea to the new count, if, before the amendment, they have pleaded the general issue. We think the practice is well settled to the contrary."

The court held the same thing in *Parmelee* v. *Fischer*, 22 Ill. 212 ; *Saltus* v. *Bayard*, 12 Wend. 228 ; 6 Taunt. 400 ; 5 Salk. 517 ; 1 Hall, (N. Y. Superior C. R.) 165.

But at all events, the plaintiff below was not entitled to a

default as to the common counts, without first obtaining a rule to plead to the amended narr. 8 Durn. & East. 87; 1 Tidd's R. 708, and notes.

The court erred in refusing to dismiss the cause for discontinuance; also, for allowing the defendant's default to be entered at the April term, 1861.

On the 4th of February, 1861, the defendant filed a plea to the first special count; at the March term, 1861, the plaintiff replied to said plea. Now, at the close of the last mentioned term, the second and third counts remained wholly unanswered; and if the plaintiff was entitled to a default upon the common counts, it was because they likewise were never answered; and by the well established practice in this State, it was incumbent upon the plaintiff to take the defendant's default, as to the second and third counts and said common counts, at the March term, at which he filed his replication to the special plea to first count, or his cause was discontinued, and could not be saved by taking such default at a subsequent term. *Warren* v. *Noxon*, 3 Scam. 38; 22 Ill. 330; 18 Ill. 55; 13 How. (U. S.) 182.

W. C. GOUDY, for Defendant in Error.

The plaintiff below first struck out, by leave of the court, the common counts of the original declaration, so that it stood with only three special counts, but had no common counts. Therefore, the plea to the common counts in the original declaration fell with such order and striking out. *Hogan* v. *Ross*, 13 How. (U. S.) 182.

The court then allowed the plaintiff to file an amended declaration, which was filed in the nature of a substitute for the original, and which differed from the original as left after the amendment, in containing the common counts.

Therefore there was no plea standing in the record which could apply to the common counts in the new declaration. It was treated as a new and substituted declaration.

Each count of the declaration is supposed to contain a different cause of action from the others, and in fact to be a declaration in itself.

McAllister *v.* Ball.

The authorities cited by plaintiff in error to show there was a discontinuance, are where the plea proposes to answer a *part of some one count* on which issue is joined, and the case continued without default on the part of the count unanswered.

There is no discontinuance where issue is joined on one count, and the others are unanswered. Default may be taken in such case at any time. *Hogan* v. *Ross*, 13 How. 182; *Everard* v. *Patterson*, 6 Taunt. 645.

CATON, C. J. We can discover nothing in the least irregular in this proceeding. To the first count, the defendant filed a plea in bar, on which the plaintiff took issue. Subsequently the default of the defendant was entered upon the other three counts, and a jury was sworn to try the issue formed, and also to assess the damages on those counts on which the default was entered. The complaint is, that the default was not entered simultaneously with the formation of the issue on the plea filed to the first count. The doctrine of discontinuance by not taking judgment by *nil dicit*, for the part of the declaration unanswered, where the plea upon which issue is taken only professes to answer a part, when properly understood, does not apply where there are several counts in a declaration and the plea is filed to but one, or a part of those counts, and is a complete answer to these, leaving the other counts unanswered. In the application of this doctrine, each count should be considered as a separate declaration, as it in fact is, and if a plea professes to answer but a part of one of these counts or declarations, and in fact does answer but a part, as where the count is for taking three hundred sheep and the plea justifies the taking of two hundred of the sheep, and the plaintiff take issue on the plea without taking judgment for the hundred not justified, there is the technical discontinuance, unless he applies to the court for leave subsequently, to take judgment for the part unanswered. It is said he must do this at the same time at which he takes issue on the plea. This we do not think is indispensable. If he will take judgment by *nil dicit* before the trial of the issue, it should be deemed sufficient. The rule is an artificial and an

arbitrary one, without any sensible reason to support it, and is by no means entitled to the favorable consideration of the court, and we are disposed to enforce it only when there is no other alternative.

If the general issue had been filed to the whole of the first declaration, then the authorities showing that it should stand to the amended declaration would apply. But the plea was only to the common counts, and these were dismissed by the plaintiff. Subsequently he took leave to amend his declaration, and in his amended declaration he inserted the common counts. This imposed upon the defendant the necessity of answering the amended declaration, unless he had a plea which would answer any declaration in that form of action. A plea which answered but one count in the old declaration would not stand to a similar count in the amended declaration.

The judgment must be affirmed.

*Judgment affirmed.*