## Joseph J. Harvey and others v. Alexander McAdams and another.

*Trover: Declaration: Evidences of title: Chattel mortgages.* A declaration in trover is not required to set forth the precise nature of the plaintiff's title, or what are the evidences of it, but these are matters of evidence merely; and the chattel mortgage under which the plaintiff claims the property cannot be excluded as evidence on the ground that the declaration fails to indicate that plaintiff claimed such an interest.

*Executions: Partners: Assent of one: Collection of partnership debt: Agency.* The assent of one of two partners to what is being done by a person acting as a deputized constable in the service of an execution in favor of the firm is sufficient to bind them both; what either partner does in the collection of a partnership debt is presumptively done with the sanction of the other.

*Executions: Unlawful levy and sale: Liability of plaintiff: Acquiescence.* Express assent is not necessary to render plaintiffs in an execution liable for the unlawful acts in their behalf of one deputed to serve the writ where their acts imply acquiescence; and their keeping for him the property taken on the writ, and purchasing an article at the sale, is evidence of their sanction of what was done, even in the face of their asserted disapproval at the time.

*Deputized constables: Executions.* Whether the statute (*Comp. L. 1871,* § *5507*) authorizing justices of the peace, on the request of the plaintiff, to deputize a person to serve process, can apply to executions:—*Quære?*

*Deputized constable: Executions: Responsibility of plaintiff.* If, however, that statute does authorize the deputizing of persons to serve executions, the plaintiff thus selecting the person who shall serve this writ thereby makes himself responsible for the action of such deputy.

HARVEY *v.* MCADAMS.

*Evidence: Authority: Statements.* Evidence of what the person thus deputized said as to his authority from the plaintiffs in the execution, when he returned a prior execution and took out the one in question, is held admissible.

*Immaterial evidence: Errors that do not prejudice.* The admission of immaterial evidence which did not injure the party complaining of it, is not error for which a judgment will be reversed.

*Evidence: Immateriality: Errors that work no injury.* Evidence introduced only to rebut an inference it was thought the other side would seek to have the jury draw from other evidence which, even without such rebuttal, would not bear any such inference, and not affecting any other part of the case, could work no injury, though it be immaterial.

*Trover: Execution sale: Levy: Concessions.* In trover for a conversion by means of an execution levy and sale, the concession on the trial that the levy was legal does not preclude objections to the validity of the sale.

*Executions: Mortgaged chattels: Mortgagor's interest: Levy: Sale.* Whether or not the taking, by levy upon the mortgagor's interest in mortgaged chattels, of distinct articles separately, is lawful, the sale of distinct articles separately, in disregard of the rights of the mortgagee, is not.

*Chattel mortgages: Parol understanding as to possession: Conversion by third parties.* Any parol understanding between mortgagor and mortgagee regarding the possession of mortgaged chattels could afford third parties who had unlawfully converted the property no protection against the mortgagee's action of trover.

*Undisputed facts: Taking case away from jury.* The undisputed facts rendering the defendants liable, it was not error to so rule and to decline to submit the question to the jury.

*Practice: Judgment: Stay of proceedings: Motion for new trial.* The entry of a judgment fifteen days after verdict, though a stay of proceedings granted for the purpose of giving time to make a motion in arrest of judgment and for a new trial has not yet expired, is not error; the judgment is only provisional; and it does not deprive a party of the right to move for a new trial. The time of entering judgment after verdict is a matter of practice within the discretion of the court.

*Practice: Record: Motions: Depositions filed.* Depositions taken and filed on a motion for a perpetual stay of proceedings after verdict, showing an assignment of the plaintiff's demand after verdict and before judgment, are not a part of the record, and cannot be considered on error.

*Heard October 7 and 8. Decided October 19.*

Error to Saginaw Circuit.

This was trover brought by defendants in error for the conversion of two horses, two log-chains and a set of harness. The plaintiffs below claimed title under chattel mortgages from one Melrose, covering the property in question and other property. The conversion complained of consisted in the levy of a justice's execution in favor of defendants Harvey & Coleman, and against Melrose, by defendant Babcock as a deputized constable, and the sale of

32 MICH.—60.

the chattels in parcels in disregard of the plaintiffs' mortgage interests.

To connect Harvey & Coleman with the acts of Babcock, evidence was given tending to show, among other things, that Harvey & Coleman were co-partners, and that about the time of, and prior to this levy, they had a good many suits before the justice who issued the execution; that Harvey had some time before made a general request of said justice to deputize Babcock to serve any process in their favor, and that he was accordingly so deputized previously in several cases, and in some instances, at least, to serve executions.

It appeared also that Coleman knew the property was taken by Babcock on an execution in their favor; that the property was stored and the horses kept in their stable from the time of the seizure until the sale; that they knew of plaintiffs' claim under the mortgages while the goods were in their possession before the sale; and that they were present at the sale and purchased one article.

It was shown that a prior execution on the same judgment had been placed in Babcock's hands as a deputy of the sheriff, and that when he returned that and took out the execution in question he stated to the justice that Harvey & Coleman were going to test the question thoroughly whether plaintiffs could cover up Melrose's property with chattel mortgages.

Harvey & Coleman, it appeared, had two stables, one in charge of Harvey, and the other in charge of Coleman, and Babcock had been in their employ as a hack-driver. On cross-examination of Coleman regarding the employment of Babcock, he stated something to the effect that Babcock's employment was by Harvey, and against his wishes; and thereupon plaintiffs were allowed on further cross-examination, against objection, to elicit the fact that the hack driven by Babcock was kept at the stable of which Coleman had charge.

The trial was by jury, and verdict was rendered for the plaintiffs. Proceedings were stayed for ten days to move for a new trial or in arrest of judgment, and this time was afterwards extended six days, but before that extension expired judgment was rendered on the verdict.

A motion in arrest of judgment and for a perpetual stay of proceedings was made by defendants, on the ground that plaintiffs had assigned their claim after the verdict, and this fact was shown by depositions taken on this motion, which were filed in the cause. The motion was heard and denied, and judgment being thereupon entered, defendants brought error.

*L. T. Durand,* for plaintiffs in error.

*Wisner & Draper,* for defendants in error.

COOLEY, J:

1. The objection to the admission in evidence of the chattel mortgage under which the plaintiffs claimed the property has no force. The ground of it was, that the declaration counted upon a conversion of plaintiff's property without setting out the nature of their interest, and was not calculated to inform the defendants of what they would be expected to meet. But no declaration in trover undertakes to notify the defendant of the precise nature of the plaintiffs' title, or what are the evidences of it. Those are matters of evidence merely.

2. We do not perceive that any improper evidence was admitted to show the agency of Babcock for Harvey & Coleman. Indeed, the evidence on both sides, so far as it is set out in the bill of exceptions, tended to show that he was their agent. Babcock was not an officer, but was deputed to serve the execution in their favor; and though there is a conflict in the evidence regarding their request that he be deputized, there is no dispute whatever that Coleman, at least, knew he was acting for them in the service of

that writ. The claim that they repudiated all responsibility for his action, and refused to sanction it, while he had the writ, seems a very transparent pretense, and seems to indicate a purpose on their part to have the benefit of the collection if it succeeded, and to repudiate Babcock's action only in the event of his action rendering him liable. Their actions plainly said to Babcock, if their words did not, that their expectation and desire was that he should go on with the execution; and they gave conclusive evidence of this desire in keeping for him property levied upon by virtue of the execution, and in buying in one article on the sale. It was not necessary to find that both the partners assented to this; what was done by either in the collection of a partnership debt was presumptively with the sanction of the other.

3. There may be a question whether the statute (*Comp. L. 1871,* § *5507*), authorizing the justice on the request of the plaintiff to deputize a person to serve process, can apply to executions, but we attach no importance to that question here. If it does not, the liability of all the parties was clear; and if it does, the party who thus selects the person who shall serve this writ, must, we think, be held responsible for his action. · This person does not come in as an officer, acting under the responsibility of an official oath and bond; and the authority to appoint him would be open to grave abuses if the opposite party were by such appointment to be deprived of the usual remedies for illegal action and to have none against the plaintiff. Officers are chosen by the people, but this man is selected by one of the parties to exercise an authority peculiarly liable to abuse; and it is but just and reasonable that the party thus making the selection, and with the consent of the justice vesting him with a somewhat arbitrary authority over the property of another, should be responsible for his behavior. We find no error in the ruling of the court on this point, and none in the admission of evidence of what Babcock said when he returned the first execution and took out the second. The testimony regarding the place where the hack formerly driven

by Babcock was kept was perhaps immaterial, but it could not injure the defendants; it only tended to support the inference of law that Harvey & Coleman were jointly concerned in what Babcock did. A similar remark may be made regarding the evidence called out on the cross-examination of Babcock, the purpose of which was to show at what precise stage in the various transactions Coleman paid back to Babcock moneys which had been paid over to him as the proceeds of the sale. This was only material as tending to rebut the inference which defendants sought to have the jury draw from the fact of the money being paid back, that Coleman repudiated Babcock's action. There was no room for any such inference, even on defendants' evidence, and any thing introduced to overcome it, if it affected no other part of the case, was merely idle.

4. The concession by the plaintiffs, made on the trial, that Babcock's levy was legal, did not preclude their taking the objection to the validity of the sale. When mortgaged goods are levied upon by virtue of an execution against the mortgagor, it may be necessary to take possession of distinct articles separately; and this is not illegal. The concession that the levy in this case on a part of the goods was legal went no further than this. But such a levy must be considered incomplete; at least, conceding its legality, it would not justify a sale of distinct articles separately.—*Worthington v. Hanna, 23 Mich., 530.*

5. Any parol understanding that might previously have existed as between the mortgagor and mortgagees regarding the possession of the mortgaged property, could not avail these defendants. Nothing in the case indicates that the understanding was not subject to be terminated at will; but whether that was so or not, it was put an end to when third parties converted the property.

6. After what has been said it is scarcely necessary to add that there was nothing in the evidence which entitled Coleman & Harvey to have the question of their responsi-

bility for Babcock's action submitted to the jury. The undisputed facts rendered them liable.

7. There is nothing in the objection that the judgment was prematurely entered. It was, in fact, entered fifteen days after the verdict; but the time of entering it was a matter of practice within the discretion of the court. The judgment is only provisional; it does not deprive a party of the right to move for a new trial. This is recognized by *People v. Clerk of Bay County,* 14 *Mich.,* 169.

We take no notice of the fact of the plaintiffs having .assigned their demand after verdict and before judgment, as the fact is not shown in such manner as to make it a part of the record.

The judgment should be affirmed, with costs.

The other Justices concurred.