Person vs. Wright & Montgomery.

## PERSON VS. WRIGHT & MONTGOMERY.

1. JUDICIAL NOTICE: *Of seasons and growth of crops.*
   Courts take judicial notice of the seasons and the course of nature, which includes the growth of the staple crops of the country.

2. REPLEVIN: *Designation of specific property.*
   A mortgage for a certain number of bales out of a crop of cotton is uncertain in description, and until separation or designation of the specific property, no action of replevin can be maintained for it.

3. SAME: *Demand.*

Where the original taking of property is not tortious, but only the unlawful detainer is complained of, a demand of the property before action is essential, unless the defendant is claiming or using it as his own.

4. SAME: *Parties in, for mortgaged property.*

It is not necessary for a mortgagor to be made a defendant in a suit by the mortgagees against his vendees for the mortgaged property.

5. PLEADING: *Answer when sufficient.*

A demurrer to an answer which contains a defense to the whole or any part of an action should be overruled.

6. SAME: *In replevin, plaintiff need not allege his source of title.*

It is not necessary for a mortgagee, in an action of replevin for the mortgaged property, to show in his complaint the source of his title. It is sufficient to allege his ownership, general or special; and if he alleges the mortgage, he need not allege the non-payment of the debt for which it was given.

7. REPLEVIN: *Can not be maintained against co-tenant.*

Replevin can not be maintained against a defendant for a bale of cotton of which he is part owner.

8. LIEN: *Contracts for, etc., not good against subsequent mortgage.*

A contract between a landlord and tenant that the tenant should transfer the crop to the landlord to secure supplies furnished by him, and the subsequent delivery of the crop in performance of the contract, will not hold in law against a mortgage made and recorded between the contract and delivery.

APPEAL from *Miller* Circuit Court.

Hon. J. L. WITHERSPOON, Special Judge.

*Williams & Battle*, for appellant.

*Cook, contra.*

EAKIN, J. Appellees, who are merchants and partners, brought this action of replevin against appellant, Person, who is a landlord, to recover eight bales of cotton in his possession, which he had received from divers renters upon

his place, for supplies furnished, and the use of mules. The defendant gave bond, and retained the property.

Plaintiffs in their complaint base their right of possession upon several distinct mortgages, executed to them by several of said renters, about the first of July, 1873, and duly recorded, setting them forth, substantially, as follows: .

1.  A mortgage by one John Smith, to secure money and supplies, furnished and to be furnished during the year, of " his entire interest in, or right, title or claim to, all the crop or crops of corn and cotton, or other produce, which he might plant, cultivate or gather, or be otherwise interested in, to the extent of two five hundred pound bales of cotton, on the farm or plantation " specified, or any other during the year 1873, conditioned: to be void on payment to the mortgagees of all just demands to be held by them on the first day of January, 1874, with power to the mortgagees, on failure, " to take possession of all of the above described and granted property," and sell the same, on ten days' notice, to the highest bidder for cash ; apply the proceeds to the debt and expenses, and pay over the surplus. They say that said Smith is indebted to them for supplies furnished, during the year, in the sum of $69.25 ; and file the account.  By virtue of this mortgage they claim a special ownership in, a lien upon, and right to the possession of two bales of cotton, marked " J. S.," grown upon the place by John Smith, and in defendant's possession.

2.  A mortgage, for the like consideration and purposes, from Steve Canada, of " his entire interest in, etc., all the crop or crops of corn or cotton and other produce" which he might gather or be interested in on said plantation, or elsewhere during the same year.  This mortgage was conditioned, and gave powers substantially as that from Smith. They say Canada became indebted to them, under the mort-

gage, in the sum of $71.56, and by virtue of that and said mortgage they have ownership, lien and right to possession of three bales of cotton, marked "C. S.," grown by him on the place, and which is in defendant's possession.

3. A like mortgage, for like purposes, and with like stipulations and powers, from Joseph Foster, jr., of his entire interest in any crop grown by him on said place. They claim as his debt the sum of $107.26, and that they have a like ownership, lien and right of possession of two bales of cotton, marked "B.," raised by him upon the place, and in defendant's possession.

4. A like mortgage from Burrell Butler, with like powers, of all his interest in his crop "to the extent of one five hundred pound bale." They claim as his debt $52.50, and for like reasons a special ownership and right to possession of one bale, marked "B.," in defendant's possession.

It appears that the mortgages are all alike as to their conditions and powers, differing only in this, that Smith and Butler limit the extent of their conveyances; the first to two, and the last to one bale of cotton, without designating any means by which the bales are to be set apart from the balance of the crop. The other mortgages convey the entire interest     The plaintiffs value the cotton at $480; say the defendant has possession without right, and unlawfully detains it.

Defendant demurred because the mortgagors were not made parties, and for a number of other reasons, all of which are included in the last: that the complaint fails to state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendant excepted.

The answer admits the execution of the mortgages, as alleged, but denies that by virtue thereof, or otherwise, the plaintiffs had an ownership in the cotton, or right to pos-

session, in part or in whole. With regard to the debts claimed as due from Canada, and Burrell Butler, to plaintiffs, he denies all knowledge, but avers on information that they have been paid. With regard to those claimed from Smith and Foster, he denies any knowledge or information sufficient to form a belief, and insists upon proof.

With regard to the bales claimed from Smith and Canada, as part of the crop, he sets up a contract made with them, severally, in February, 1873; by which he agreed to furnish them mules and supplies, for which they agreed to assign and transfer their crops as security. He sets up their indebtedness, and says the bales were paid to him on that account and in pursuance of the contract. This was independent of the rent.

With regard to the bale marked "B," which plaintiffs claim under the mortgage from Burrell Butler, he says that in February, 1873, he rented lands jointly to Burrell and Ellick Butler, who made a similar contract with him to transfer the crop for hire of mules and supplies. That he did furnish mules and supplies, and that they, being thus indebted, transferred to him the bale marked "B," with other bales, in payment of the joint debt—which still remained, *in part*, unsatisfied, save by said cotton. The answer states, further, that plaintiffs did not, before the action, demand the cotton, or any part of it.

The court sustained a demurrer to this answer, upon the ground that it did not set up matters constituting a defense. The defendant excepted, and rested. Whereupon plaintiffs waived damages for the detention, and both parties agreed to a valuation of the cotton at the aggregate sum of $400. Judgment for plaintiffs, and appeal.

The court takes judicial cognizance of the seasons, and the course of nature, which includes the growth of the staple crops of the country. The crops must have been

1. JUDICIAL NOTICE: Of seasons and growth of crops.

Person vs. Wright & Montgomery.

growing on the first of July, 1873, and considerably advanced. The mortgages taken by the plaintiffs about that time are not amenable to the legal objection that they were upon property not *in esse*. If otherwise valid, the powers therein conferred gave the plaintiffs the right to the immediate possession of the crops, on default of payment, on or after the first of January, 1874. With regard to the mortgages by Canada and Foster, there is no objection to their validity, and for the cotton made by them, the plaintiffs were entitled to bring this action. The demurrer to the complaint, admitting that their debts remained unpaid, and going to the whole complaint, could not, *on this point*, have been sustained. If good at all, it was for want of demand.

2REPLEVIN: Designation of specific property. In passing, we remark upon the mortgages set up from Smith and Butler, that they were uncertain in the description of the property.

Equities may arise upon such mortgages, as contracts, which courts of chancery may protect against purchasers with notice, or without valuable consideration ; as in case of mortgages, formerly, of future crops ; but until separation, or designation of the specific property, no action of replevin could be maintained.

3. Demand. The demurrer to the complaint was based, also, upon the want of demand. It is well settled that when the original taking is not tortious, and only the unlawful detainer is complained of, a demand of the property, before action, is essential, unless the complaint shows not only the possession of defendant, but that he is claiming, or using it as his own. Otherwise, he can not be considered in the wrong. There is no cause of action against one who, from all that appears, may be acting with propriety.

The demurrer to the complaint should, in this view only, have been sustained.

It was not necessary to make the mortgagors defendants. 4. ————: *Mortgagor not necessary party.* The defendant, however, chose to answer, and supplied the defect in the complaint by showing that he had taken the property as his own, and claimed adversely to plaintiffs. It remains to be seen whether his answer set up any 5 *Pleading: Answer: When sufficient.* matter constituting a defense to the whole or any part of the action. If so, it was error to sustain the demurrer of the plaintiffs.

It was not necessary for plaintiffs to have shown in their 6. ————: *In replevin plaintiff need not state his source of title.* complaint the means by which they acquired title. It would have sufficed to allege their ownership, general or special; their right to the possession; and that defendant unlawfully detained it after demand, or was holding and using it as his own adversely to their right. These were the material allegations necessary to show cause of action, and all that the defendant was required to answer. He does so, and puts in issue their ownership and right to possession.

Moreover, it was shown by the complaint, although unnecessarily, that the whole special ownership, and right of possession in the plaintiffs, depended upon the non payment of the debts due them from the mortgagors. If they had been paid, the right of possession on the part of plaintiffs would have no longer existed. Defendant averred, in reference to two of the debts, that they had been paid; and, with reference to the other two, denied all knowledge or information on which to found a belief; and insisted upon proof. This made issues with regard to all, although it may have been that, upon the trial of the issues, the burden of proof of payment of the debts from Canada and Burrell Butler would have been on the defendant.

7. REPLEV-
IN:
Can not be
maintain-
ed against
a co-tenant

Moreover:  The defendant avers that one of the bales received by him was the common property of Burrell and Ellick Butler.  If so, he was entitled to hold Ellick's part, and for that bale no action of replevin would lie.

8. LIEN:
Contracts
for, etc.,
not good
against
subsequent
mortgage.

For the rest, the title to the property, set up by defendant in the answer, as derived through the contract with the renters, in February, 1873, would not hold, in law, against the recorded mortgage of complainants, executed in July.  The superior lien of the landlord extended only to the rents, not to supplies, and the hire of mules.  If, indeed, there had been any circumstances forming an equitable estoppel, against the plaintiffs, from the assertion of their priority, they would have been proper for the consideration of a court of equity.  None, however, are alleged.

But, for the other reasons, above stated, the answer did present grounds of defense; and the demurrer to it was erroneously sustained.

Reverse the judgment, and remand the cause, with leave to the parties to amend their pleading, if advised; and for further proceedings consistent with this opinion.