## James G. Cozzens v. Chicago Hydraulic-Press Brick Co.

1. FOREIGN CORPORATIONS — *Proof of Organization.*—A certified copy of the law of the State under which a corporation is formed, together with certificates of the proper officers, showing that the law has been complied with, is sufficient evidence of the legal organization of such corporation, in the absence of specific objections pointing out defects.

2. VERDICTS—*Upon Conflicting Evidence.*—A verdict upon conflicting testimony is conclusive.

**Assumpsit,** on a contract of guaranty. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

JOSIAH BURNHAM, attorney for appellant.

MATTHEWS & HUGHES, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action by the appellee against the appellant as guarantor of a promissory note. The defense is wholly upon technicalities.

*Nul tiel corporation* was pleaded. To prove the fact of incorporation, the appellee put in part of a statute of Missouri, which provides: "Section 2492. Articles of Incorporation—When and where filed—Shall be evidence, when. Whenever a corporation shall be organized under the laws of this State it shall be the duty of the officers of said cor-

poration to file with the secretary of state a copy of the articles of association or incorporation, and the corporate existence of such corporation shall date from the time of filing said copy of such articles; and a certificate by the secretary of state under the seal of the State, that said corporation has become duly organized, shall be taken by all courts of this State as evidence of the corporate existence of such corporation. A certified copy of said certificate of the secretary of state shall be filed and recorded in the office of the recorder of deeds of the county in which the organization is organized."

With that section the appellee put in such a certificate of the secretary of state of Missouri, as the section mentions, and a certificate of the recorder of deeds of the city of St. Louis that a certified copy of the secretary's certificate was recorded in this office.

The only objection made in the brief to the sufficiency of this proof is as follows: "Appellee did not prove what the requirements of the Missouri laws were, nor that it had complied with such requirements in its organization." Which, pointing out no defect in the proof, does not convince us that it is not sufficient.

The abstract states further proceedings thus:

"Note offered in evidence.

(Objection by defendant on the ground of erasures which show material alteration; objection overruled and exception; objected to further on the ground of variance of declaration; objection sustained; motion of plaintiff for leave to amend instanter granted.)

Motion of defendant for time to plead to amended *narr.*

Motion overruled and pleas on file ordered to stand as pleas to amended *narr.*

(Exception by defendants.)

Note then admitted in evidence and exception by defendants. Said note is as follows:                        ,

$1,000.                        Chicago, Ills., Feb'y 24, 1893.

Ninety days after date we promise to pay to the order of Wheatly, Buck & Co. (account contract) one thousand dol-

lars.    Payable at American Trust & Savings Bank.    Value received, with int. at seven per cent. per annum.

Corporate Seal,         ⎱
Richardi Apartment   ⎰ RICHARDI APARTMENT HOUSE Co.
    House Co.         ⎰               By J. G. COZZENS."

As from that history we learn nothing as to what—if any —amendment was made, it is impossible to say that any error was committed. We suspect that in the declaration and attached copy of the note, the word "home" was where it should have been "house."

The order that the pleas on file stand, etc., was mere surplusage. McAllister v. Ball, 28 Ill. 210; cases there cited in brief of plaintiff in error. What the appellant excepted to is not stated.

The residue of the defense is whether there had been any erasure in, after the appellant signed, the guaranty; which was decided by the jury against the appellant upon conflicting evidence; and whether there was a consideration for the guaranty. Upon this last question the evidence warranted the conclusion that the appellee had supplied brick to the value of $635 to a contractor who was engaged in the building of the Richardi house, and who did not pay; that more brick were needed; that the appellant was interested in the house, and was president of the house company; and that to induce the appellee to furnish—as it did—more brick to the total amount of the note, it, with the guaranty and an indorsement by the payee to the appellee, was delivered by the appellant to the general manager of the appellee.

There is no injustice nor error in the judgment, and it is affirmed.