## James Pease, Sheriff, v. Stephen L. Bartlett.

1. DEFAULT—*Judgment by, Erroneous, When Pleas Are on File and Undisposed Of.*—Where a plaintiff amends his declaration after responsive pleas are on file and the court enters an order on the defendant to plead to the amended declaration in five days, it is erroneous to enter a judgment by default against him in his absence while his pleas are undisposed of.

2. PRACTICE—*Where it is Not Necessary to Plead to an Amended Declaration.*—Where a declaration is amended after the defendant has previously filed pleas setting up a complete defense, and the amendment

Pease v. Bartlett.

presents no new matter requiring further answer, it is not necessary to file new pleas.

3. Same—*Erroneous Defaults in Replevin.*—Where pleas on file are a sufficient answer to any declaration in replevin, it is not necessary for the defendant to plead further in case the plaintiff amends his declaration but sets up no new matter, and a default taken after such amendment for want of further pleas is erroneous.

Replevin.—Error to the Circuit Court of Cook County; the Hon. John Gibbons, Judge, presiding. Heard in this court at the March term, 1901. Reversed and remanded. Opinion filed October 24, 1901.

**Statement.**—This writ of error is prosecuted to review a judgment entered by the Circuit Court on January 12, 1900, in favor of defendant in error and against plaintiff in error.

The suit in which the judgment was entered was brought by defendant in error in replevin to recover certain chattels of the value of $5,000. The chattels were taken upon the writ and delivered to Milford J. Thompson, as the attorney in fact of the plaintiff, defendant in error here.

March 4, 1898, a declaration was filed by M. J. Thompson, as the attorney at law for plaintiff, in the usual form, containing three counts: (1) wrongful taking; (2) wrongful detention; (3) trover.

March 22, 1898, pleas were filed for the defendant: (1) *non-cepit;* (2) *non-detinet;* (3) not guilty; (4) property in Plows & Co., a corporation; (5) justification under an execution in favor of Gascoigne against Plows & Co. for $2,100 and costs; (6) justification under an attachment writ.

Issue was joined on the first three pleas by *similiter* and replications ending to the country were filed to the remaining pleas.

A notice was given to the attorney for defendant below, that plaintiff would ask leave to amend his declaration on December 14, 1899, at 1:30 P. M. of that day.

Upon December 14, 1899, the court entered an order allowing the plaintiff below to amend his declaration as follows:

" By inserting after the word ' plaintiff,' in the last line in the first count, the words ' by virtue of a chattel mortgage lien executed by one Plows & Co. '

" Also after the word ' plaintiff ' in the next to the last line of the second count in said declaration by inserting ' by virtue of the terms of a chattel mortgage lien executed by one Plows & Co. '

" And also after the word ' plaintiff ' in the third line of the third count, by inserting the words ' acquired by virtue of a chattel mortgage executed by one Plows & Co. '

" And also by inserting after the word ' possessed ' in the second line of the fourth count the words ' by virtue of a chattel mortgage executed by one Plows & Co.' "

Upon the same day a rule was entered by the court requiring the defendant below to plead to the amended declaration in five days.

It appears that the defendant was not in court nor represented there by counsel when these orders were entered.

January 3, 1900, default was entered, without notice, before Judge Smith, on whose calendar the case was pending, for failure to plead to the declaration as amended.

January 12, 1900, in this state of the record, the following judgment was entered before Judge Gibbons :

" This cause being called for trial, come the parties by their attorneys respectively, and issues being joined :

" It is ordered that a jury come ; whereupon come the jurors of a jury of good and lawful men, to wit (naming them), who being duly elected, tried and sworn well and truly to try the issues joined herein and a true verdict render according to the evidence, after hearing all the evidence adduced, say : We, the jury, find the issues for the plaintiff, and that the right to the possession of the property in question is in the plaintiff; therefore it is considered by the court that the plaintiff do have and retain the property replevied herein, by virtue of the writ of replevin issued in said cause, and do have and recover of and from the defendant his costs and charges in this behalf expended, and have execution therefor. Thereupon the plaintiff having admitted in open court payment in full of costs, it is ordered that this judgment be, and the same is hereby, satisfied in full of record."

April 2, 1900, a motion was presented to Judge Gibbons to vacate this judgment. It was not heard by him until

November 17, 1900, when he denied the motion. Thereupon the defendant filed his motion to have the record corrected and amended, upon which motion the court entered the following order:

" The court having considered said motion and the files, records and minutes in said cause, finds that owing to a clerical mistake of the clerk of this court, the order entered herein on January 12, 1900, is erroneous, and incorrectly recites the facts and circumstances under which said judgment was entered, as clearly appears by the minutes and records in said cause in this court, in this: that when said cause was called for trial the defendant, as a matter of fact, was not in court, and was not represented in court by any attorney; and the record did not then show that the issues were joined, and that as a matter of fact said verdict and judgment were intended to be taken, and were taken and entered, upon a default of the defendant entered in said cause on January 3, 1900.

" It is therefore ordered, adjudged and decreed that said order and judgment of January 12, 1900, be corrected and amended so as to read as follows:" (Reciting the ordinary judgment in replevin on default.)

In support of the motion to vacate, an affidavit was filed and presented to the court, which shows the following facts: (1) That Judge Smith did not sit in his court room December 14, 1899, when the order to plead to the amended declaration was entered, until 9:30 A. M.; that neither the defendant nor any attorney representing him, appeared in court on said day to attend to said motion, and that they had no notice that the motion was in fact presented; (2) that no note or memorandum of the entry of said order appeared in the Chicago Daily Law Bulletin of December 14, 1899, or in any subsequent issue; (3) that neither the defendant nor his attorney had notice of the entry of said order to plead to said amended declaration until the 29th of March, 1900; (4) that no notice of the application for default was served upon the defendant or his attorneys, and the knowledge that default had been entered January 3, 1900, did not come to the defendant or his attorneys until March 29, 1900; (5) that in the Chicago Law Bulletin of January 3, 1900, there

are noted a number of orders entered by Judge Smith, who was then sitting both as a chancellor and a common law judge; that the Bulletin stated, under the head of the word "Law," orders entered in common law cases, and under the head of "Chy.," orders entered in chancery cases; that under the head of "Chy." there appeared as follows: "10490 Bartlett v. Pease, Dflt.," which was the only reference to said default order; (6) that no notice was given of the application for judgment entered January 12, 1900, and the fact that said judgment was entered was not known to the plaintiff or his attorneys until March 29, 1900; that the judgment did not appear in the Chicago Law Bulletin of January 12th; that on January 13th appeared the words, under the name of Judge Gibbons, "10490 Bartlett v. Pease ver for plff. for possn & judgt;" (7) that January 13th was Saturday, the last day of the January term, and the Law Bulletin was not delivered until after office hours on that day, so that there was no way to ascertain from the Bulletin during the term the entry of said judgment; (8) that there was then and is a rule of the Circuit Court requiring common law cases to be assigned to each judge and so marked upon the wrapper, which rule provides: "All pleading will be settled and orders entered in the cause by the judge to whom the same is assigned; but in the absence of any judge, any other judge may take default or enter orders of course in causes assigned to such absent judge;" that this case had been assigned to Judge Abner Smith, and his name was on the wrapper and had been placed on his printed trial calendar, being number 694; that the case had never been reached on his trial calendar; that no order was ever entered transferring the cause to Judge Gibbons; that the day Judge Gibbons entered the order Judge Smith was holding court in the same building; that it was Judge Smith's practice to enter no judgment upon default for non-compliance with a rule, unless notice should be given to the attorneys for the opposite party of such application, which was not done in this case; (9) that it was not true, as stated in the judgment, that at the time the judgment was entered

the parties appeared by their attorneys respectively; that the case was not called for trial in its turn and neither the defendant nor his attorney, nor any representative of the defendant or his attorney, was present; that it is not true that the plaintiff was ever paid by the defendant, or anybody representing him, any costs in said cause.

The affidavit further shows that there was a good defense upon the merits to said cause of action.

The bill of exceptions shows that on the hearing of the motion there were introduced before Judge Gibbons all the files, minutes and records in the cause, which were set out in the affidavit.

Flower, Vroman & Musgrave, attorneys for plaintiff in error.

Jackson, Busby & Lyman, attorneys for appellee and defendant in error.

Mr. Justice Sears delivered the opinion of the court.

Among the errors assigned is the following:

" Said Circuit Court of Cook County erred in entering the order of January 3, 1900, defaulting said James Pease for failure to plead to said declaration as amended."

We are of the opinion that the error is well assigned. The record as now presented, including the amendment by which the judgment is shown to have been taken by default, discloses that the default was taken when the defendant's pleas were on file and undisposed of. These pleas were apt pleas, responsive to the plaintiff's declaration, and they set up a complete defense to the declaration, both as it was originally framed and as it was amended. Therefore, there was error in entering a default and proceeding to a judgment upon the default while these pleas were undisposed of. It was not necessary that new pleas should be filed to the amended *narr*. The amendment presented no new matter requiring further answer. The amendment was not necessary at all, for it merely operated to set up specifically the title of the plaintiff below, which

title was alleged in general terms and sufficiently in the original *narr.* The original *narr.* was sufficient in this behalf. 1 Chitty on Pl. (9th Am. ed.), star page 380–385 ; Harvey v. McAdams, 32 Mich. 472 ; Nudd v. Thompson, 34 Cal. 39 ; Person v. Wright, 35 Ark. 169.

In Harvey v. McAdams, *supra,* the action was trover, and the court, by Cooley, J., said :

" The objection to the admission in evidence of the chattel mortgage under which the plaintiffs claimed the property, has no force. The ground of it was that the declaration counted upon a conversion of plaintiffs' property without setting out the nature of their interest, and was not calculated to inform the defendants of what they would be expected to meet. But no declaration in trover undertakes to notify the defendant of the precise nature of the plaintiffs' title, or what are the evidences of it. These are matters of evidence merely."

In Nudd v. Thompson, *supra,* the action was replevin, and the court said :

" Whatever doubt may exist as to the true result of the pleadings in this case comes of the fact that the plaintiffs have presented their case in two parallel sets of allegations. In the first set the plaintiffs aver that the title to the goods, and the right of possession, are in them, and that the property is wrongfully detained by the defendants; in the second set particular grounds upon which the title and right to possession are claimed to be in the plaintiffs, and on which the detention of the goods is claimed to be unlawful, are set forth in detail. There can be no question, however, that the more general statement was sufficient for all the purposes of pleading, nor that a denial of it put the plaintiffs upon their proof as a prerequisite to judgment."

In Persons v. Wright, *supra,* the action was replevin, and the court said :

" It was not necessary for plaintiffs to have shown in their complaint the means by which they acquired title. It would have sufficed to allege their ownership, general or special; their right to the possession; and that defendant unlawfully detained it after demand, or was holding and using it as his own adversely to their right. These were the material allegations necessary to show cause of action and all that the defendant was required to answer."

The pleas on file were a sufficient answer to any declaration in replevin. The pleas being a sufficient answer to the declaration as amended, it was not necessary that the defendant below should plead further, and it was therefore error to enter his default. McAllister v. Ball, 28 Ill. 210; Milwaukee Ins. Co. v. Schallmann, 188 Ill. 213; Ridgely Bank v. Fairbank, 54 Ill. App. 296; Cozzens v. C. H. P. B. Co., 64 Ill. App. 569; Wright v. Lessee, etc., 1 Peters, 165.

In Milwaukee Ins. Co. v. Schallman, *supra*, an action was brought upon an insurance policy. After verdict the defendants moved in arrest on the ground of insufficiency of the declaration. The plaintiff asked and obtained leave to amend. Defendants objected and asked leave to plead over. The original declaration alleged at its end:

" Yet the said defendants, although often requested, and though more than sixty days have elapsed since the delivery of said proofs of loss, have not paid the said money, or any part thereof, to the plaintiff, but to pay the same have neglected and refused," etc.

The amendment allowed was by inserting before this clause the words:

" And plaintiff alleges that the delivery of said proofs of loss, as aforesaid, was more than sixty days before the commencement of this action."

Mr. Justice Magruder, speaking for the court, said:

" Any defense which could have been made to the declaration as amended, could have been presented under the plea of general issue which was already filed. Appellant did not show, nor does the record reveal, that it had any defense which was inadmissible under the general issue. It is only where the plaintiff is permitted to amend his declaration in a material respect that the defendant should be permitted to file additional pleas to the amended declaration."

In Wright v. Lessee, etc., *supra*, the court said:

" The authorities cited by the learned counsel do not, we think, support his last position, that the judgment is erroneous because a plea was not filed to the new count. They prove unquestionably that upon the amendment being made to the declaration by adding a count, the defendants had a right to plead *de novo;* they prove nothing more.

They do not show that the defendants in such cases must necessarily plead *de novo;* or that judgment may be entered by default for want of a plea to the new count, if before the amendment he has pleaded the general issue. We think the practice is well settled to the contrary. The defendant has a right, if he will, to withdraw his former plea and plead anew either the general issue or any further or other pleas which his case may require; but he may, if he will, abide by his plea already pleaded, and waive his right of pleading *de novo.* His failure to plead and going to trial without objection are held to be a waiver of his right to plead, and an election to abide by his plea, and if it in terms purports to go to the whole action, as is the case in this instance, it is deemed sufficient to cover the whole declaration, and puts the plaintiff to the proof of his case on the new as well as on the old counts."

But it is urged by the defendant in error that the Circuit Court had no jurisdiction to amend the judgment, and that inasmuch as before amendment the judgment appeared by the record to have been based upon verdict, we should not treat it now as a default judgment. In this behalf it is argued that the order amending the judgment is void, first, because no notice of the application for such order was given to the defendant in error; and, second, because there appears to have been no memoranda or memorial paper by which the court could amend its judgment after the term.

Notice was not given to defendant in error in person, but it appears that this motion was made and allowed when the attorneys of record, representing both litigants, were before the court, at the conclusion of the hearing of the motion to vacate the judgment. Mr. Thompson, who had acted both as attorney in fact and attorney at law for the plaintiff below, was the proponent of the motion to vacate. After it had been overruled, and when the attorney for the defendant presented his motion to amend the judgment, Thompson undertook to limit his appearance for the plaintiff so that it should include an appearance for him to urge the motion to vacate, but to exclude any appearance for him to resist the motion to amend the judgment. We think that the plaintiff was sufficiently represented. Thompson

was his attorney of record.  His appearance as such had not been withdrawn, and no other attorney had been substituted of record for him.  Although it was after judgment, a notice to him was a sufficient notice of a motion to correct the record upon which the judgment was based.  Lusk v. Hastings, 1 Hill. 656; Drury v. Russell, 27 How. Pr. 130; Miller v. Miller, 37 How. Pr. 1; Read v. French, 28 N. Y. 285; Doane v. Glenn, 1 Colo. 454; Merriam v. Gordon, 22 N. W. Rep. 563.

Lusk v. Hastings, *supra*, seems to be a leading case upon the question of when the authority of the attorney to represent the litigant ceases by reason of the termination of the litigation.  It would seem from the doctrine announced in that case, that while the general rule is to the effect that with the procuring of the final judgment the services of the attorney under his retainer and his authority as attorney of record come to an end, yet in proceedings to attack the final judgment by motion to modify or vacate, the attorney of record is still presumed to be authorized to represent the litigant, and notice to him will be held to be sufficient notice to the litigant.  The court said :

" The power of the attorney seems sometimes to be retained, even after the entry of final judgment on the record, and beyond the purpose of merely superintending the collection of the debt.  If a writ of error be brought against his client, it has long been the practice to require that he should be served with notice (2 Sel. Pr. 365), though this, with us, is now regulated by statute.  (2 R. & S. 498, 2d Ed., Par. 57, 8; Vid. 2 Tidd's Pr. 1068, Am. Ed. of 1807.)  So the entry of final judgment by the defendant's attorney may be irregular.  What objection is there, in such case, to serving him with notice of a motion to set it aside ?  It is his business at least to see that a regular judgment in favor of his client should be perfected and sustained when the court have awarded in his favor.  Having conducted the suit, he is best able to resist all attacks upon the judgment.  Indeed, his own regularity is generally drawn in question by the proceeding.  For a similar reason he is the proper person to be served with notice, when the judgment, or any other proceeding in which he has participated, is sought to be set aside on the ground of merits, as in this instance, the rule for arrest."

It is also urged by the learned counsel for defendant in error that the Circuit Court had no power to amend the judgment because no memoranda or memorial paper appeared by which the amendment could be made.

A bill of exceptions was preserved by the plaintiff in error by which we are informed as to various documents, files, wrappers, minute book, docket, etc., which are recited in the order as having been considered by the court, the nature and contents of which are shown in an affidavit filed in support of the motion.

Without discussing the nature and sufficiency of these papers and books, so far as they are shown by the affidavit, to serve as memoranda upon which to base the amendment of the judgment after the term, it is enough to say that their sufficiency has been called in question only by the plaintiff in error. He alone preserved a bill of exceptions upon the proceedings to amend the judgment. He alone assigns errors, and he assigns none on the amending of the judgment. He now says to the court in his brief:

" There can be no doubt that the court below properly amended this record so as to recite correctly the facts on which the judgment was based. The record of the court itself showed the mistake, and what the record correctly written should have been. There is no dispute that the judgment was in fact based upon a default entered for want of compliance with the rule to plead to the declaration as amended."

Defendant in error, having assigned no cross-errors, is not in a position to question the sufficiency of showing made in support of the motion to amend the judgment or the propriety of such amendment.

The judgment, being based upon a default which was improperly entered, must be reversed and the cause will be remanded.

Reversed and remanded.