KNOPF *v.* HERTA.

1. LANDLORD AND TENANT—SHERIFFS AND CONSTABLES—NEGLIGENT DAMAGES IN EVICTION—EVIDENCE—SUFFICIENCY.

   In an action by an evicted tenant against the landlord, constable, and helpers for damages to household goods alleged to have been caused by the negligent and careless manner in which they were removed from the premises, evidence *held,* sufficient to sustain a verdict for plaintiff.

2. SAME — LANDLORD PRESENT CO-TRESPASSER — RELATIVE PRESENT NOT LIABLE.

   Where the landlord was present at the eviction, and advised or directed it to be made, and concurred in the manner and conduct of the officer, she became a co-trespasser with the officer and liable in said action, but her daughter, who, although present, does not appear to have been in any wise interested in the matter other than as a relative, was not liable.

Error to Wayne; Webster (Clyde I.), J. Submitted October 12, 1920. (Docket No. 28.) Decided December 21, 1920.

Case by Carl Knopf against Paul A. Herta and others for damages to household goods by reason of the negligent and careless manner in which they were removed from the premises under a writ of restitution. Judgment for plaintiff. Defendants bring error. Affirmed in part, and reversed in part.

*R. M. Connor,* for appellants.

*Rood & Visscher,* for appellee.

STONE, J. This action was brought against the defendants to recover damages claimed to have been suffered by the plaintiff by reason of the negligent and

violent manner in which the goods of the plaintiff were removed from the premises and injured by careless and negligent handling under the writ of restitution referred to in the case of *Knopf* v. *Herta, ante,* 622, where the two suits were tried and different judgments and verdicts were entered therein. It should be stated that upon the trial of this case the suit was discontinued as against Myrtle Huff and Marie Huff. The case as submitted to the jury was in a narrow limit and was confined to the question of whether there was actionable carelessness and negligence in the handling of the goods of the plaintiff so that they were damaged by the elements and otherwise and the amount of such damage. The case was largely one of fact, and the testimony very conflicting upon the subject mentioned. The charge of the court upon that branch of the case was as follows:

"Now, as to this case, the officer was acting—Mr. Herta, and also his assistant, Mr. Travis—under a writ of restitution issued by the circuit court commissioner, as far as we are concerned in this case, a valid and proper writ of restitution issued in a valid and proper legal manner, and delivered to this officer, Mr. Herta, properly, so that as far as this case is concerned, he goes up to the premises, clothed with proper authority to put the goods out into the street, and this action is not against them because he put them out in the street, or against Mr. Travis because he assisted in putting them out, but it is against the officers for the manner in which the goods were put in the street, so that in this action you will have no right to bring any verdict in whatever because Mr. Herta and Mr. Travis put these goods out; they had a perfect right to do that, as far as this case is concerned, and were acting under authority which absolutely protects them, as far as their executing the writ is concerned, and putting the goods out, and so with the defendants Huff. They had a perfect right to apply to the circuit court commissioner for a writ of restitution, and there is no testimony that they knew any-

thing about this return that we have been talking about in the other case, or would be responsible for it anyway. * * *

"So that there will be no liability either against the officers or against Emma or Mabel Huff because the writ was issued, or because the writ was executed, or because the goods were placed in the street, so that that narrows it down to simply this: if the officers exercised proper care in putting the goods on the street, and taking the goods out of the house under this writ and placing them upon the street, then there is no liability and your verdict should be no cause of action. If you believe that they did not exercise due care in evicting these goods, if they wantonly or maliciously or carelessly or negligently removed them, so as to damage them, then they are liable for those acts. Still, the Huffs are not liable unless another element comes into the case, and so even if you find that the officers carelessly or negligently or maliciously damaged these goods in their removal, still your verdict would be, as I said a moment ago, of whatever sum you find would compensate the Knopfs for the damage against the officers Herta and Travis, and no cause of action against the Huffs, unless you also further find that Emma and Mabel Huff by being upon the porch while the officers were removing the goods, and seeing the damage done, that would be necessary, because if they did not see it, they would not be liable, but being upon the porch and seeing the damage done, if you find it was damaged, they thus indirectly participated in the removal of the goods."

As we have already said, a question of fact was here presented to the jury, and a reading of the evidence shows that it was sufficient to sustain the verdict, if the jury believed the testimony offered by the plaintiff.

It is urged by the defendants Emma A. Huff and Mabel Huff, appellants, that the court erred in submitting the question of their liability to the jury. We think this is true as to the defendant Mabel Huff. A careful reading of the record discloses that she was simply present when the goods were removed from the

house. Her mother, the defendant Emma A. Huff, it should be borne in mind, was a party plaintiff to the suit, and in whose interest the goods were being evicted. We think she stood in a different relation to the transaction than that sustained by Mabel. We recognize the rule as stated by counsel for plaintiff in 1 Cooley on Torts (3d Ed.), p. 244; 2 Freeman on Executions, § 273; also 17 Cyc. p. 1572.

Where the plaintiff is present, as was Emma A. Huff, at the eviction and advises or directs it to be made, and concurs in the manner and conduct of the officer, she becomes a co-trespasser with the officer; but that would not be true as to her daughter who, although present, did not appear to have been in anywise interested in the matter other than as a relative. See *Harvey* v. *McAdams*, 32 Mich. 472, 476.

In our opinion this case presents simply a question of fact. There was evidence to sustain the verdict and judgment against all the defendants except Mabel Huff. We have considered the assignments of error relative to the admission of evidence and find no reversible error. The judgment of the court below is affirmed as to the defendants Herta, Travis and Emma A. Huff, with costs to the plaintiffs; and reversed as to Mabel Huff, who will recover her costs.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.