JAMES H. EAMES and WILLIAM FORDHAM

*v.*

LANSING MORGAN, GILBERT MORGAN and EDWARD L. FURNISS.

1. FALSE AFFIRMATION—*ground for action on the case.* A false affirmation made by a party with intent to defraud another, whereby the plaintiff receives damage, is ground for an action on the case in the nature of deceit; and this, where the defendant making it, may not be benefited by the deceit.

2. CONTINUANCE—*when declaration amended—must be shown to be material.* A party complaining that a continuance was not granted on a declaration being amended, must show what the amendments were, and wherein they were material. It is only when material amendments are made, changing, in some degree, the character of the claim, that a continuance is allowed.

3. AMENDMENTS—*should be specified when defendant calls for them.* The circuit court should require the plaintiff to specify the amendments he has made to the narr., on being called on for that purpose by the defendant in a regular manner.

4. NOT GUILTY—*plea of, in case for deceit stands as a plea to amended narr.* The plea of not guilty filed to the original declaration in an action on the case for deceit, stands as the plea to the declaration when amended, and it is not necessary to refile it. The rule is, a defendant should answer an amended declaration anew, unless he has a plea in, which would answer any declaration in the form of action used.

5. FALSE AFFIRMATION—*instructions as to what sufficient.* It is sufficient to inform the jury, by an instruction, that every false affirmation does not amount to a fraud, and if, by an ordinary degree of precaution, the plaintiff could have ascertained the falsity of the representations complained of, then the plaintiff was not entitled to recover.

6. INSTRUCTIONS—*not to be on the contract, where deceit is the gravamen.* The court, in such action for a deceit, growing out of a contract, is not authorized to instruct the jury, where deceit is the gravamen of the action, upon any point involving the performance of the contract, out of which the deceit had its origin.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was an action on the case for deceit, brought in the Cook Circuit Court, by Lansing Morgan, Gilbert Morgan and Edwin L. Furniss, against James H. Eames and William

Fordham.   The defendants pleaded not guilty, and there was a trial, and verdict and judgment for the plaintiffs, to reverse which, the defendants bring this writ of error.

The counts in the declaration are substantially given in the opinion of the court.

The bill of exceptions shows that on the 19th of June, 1861, Eames filed the affidavit of his attorney, W. T. Burgess, stating that he was the attorney for Eames; that he was informed and believed that alterations, by interlinings and erasures, had been made in the declaration as originally filed, by the plaintiffs' attorneys, or under their direction, since the last trial of the cause ; that he had not been furnished with any copy of such amendments, nor could he, from his recollection of the pleadings, as they originally were, tell what erasures and interlinings that appear are amendments and what are not, other than the change of the word "execution" to "executor," in the first count, and that it did not appear by any indorsement upon it, that the declaration, as amended, had ever been filed by the clerk of the court, and, therefore, moved the court for an order on the plaintiff to specify the amendments or alterations made in the *narr.* from what it was as originally filed and file them, which motion was resisted by the plaintiffs and denied by the court, and Eames excepted, and thereupon Eames made the further motion for a continuance of the cause because the declaration had been materially amended ; the issues were not made up, and the declaration, as amended, had not been filed.   The plaintiff resisted this motion, and read to the court the affidavit of B. M. Thomas, stating that he was one of the attorneys for the plaintiff; that by leave of the court, granted when the cause was on trial about six months before, the amendments in the declaration were made and thus amended, it was returned to the files of the cause more than ten days before the application by the defendant at the last term of the court, for a continuance, and he believes it was returned some months ago ; that the declaration was taken from the files to be

amended by permission of the judge of the court; and thereupon, the court denied defendant's motion, and he excepted.

On calling the cause for trial and a jury demanded by the plaintiffs, the defendant objected, alleging that the issues were not made up. The court overruled the objection, to which the defendant excepted. A jury was empanneled, and on the evidence and instructions of the court, they found a verdict for the plaintiffs for two thousand four hundred and eighty-four dollars. A motion for a new trial was denied, and judgment rendered on the verdict.

The case is brought here by writ of error, and the only errors assigned are those stated in the opinion of the court.

Much testimony was heard by the jury, which it is not necessary to detail, as the principal controversy arises on the instructions of the court. They were as follows :

1. It is the duty of every party, in making a contract, to be honest and truthful in his statements and representations, and although a party to a contract is bound to exercise reasonable care and caution to prevent being defrauded; yet if the party committing the fraud make use of such false statements, representations and acts, with respect to a material inducement to the contract, as are calculated to deceive and mislead a person acting with common prudence and without indiscretion, and he is thereby induced to enter into a contract, or to part with his property, then such party cannot be heard to complain that the person so deceived and misled did not make such inquiries as might have resulted in a discovery of the falsity of the representations.

2. That a party alleging fraud must prove it to the satisfaction of the jury, but in a civil action like the one at bar the party alleging fraud is not bound to prove its existence beyond a reasonable doubt. It will be sufficient if the fact is established in the minds of the jury by the weight and preponderance of the evidence only. It is not necessary that the proof should be of such a charcter as

would warrant the conviction of the defendants in a criminal prosecution for false and fraudulent representations.

3.   This action is not brought upon the contract given in evidence, and it is not necessary to the recovery of the plaintiffs that they should show performance of the contract by them.   The action is based upon fraud and deceit, and loss to the plaintiffs resulting therefrom; and if the jury believe, from the evidence, that the defendants were guilty of the fraud and deceit alleged in the declaration, and that the plaintiffs delivered wood of some value to the defendant, Eames, and sustained damages in consequence thereof, then they will find the defendants guilty.

4.   This action is not founded on or brought upon the contract offered in evidence, and it is not necessary to the recovery of the plaintiffs that both of the defendants are shown to have been guilty.   The jury may find either of them guilty, if they believe, from the evidence, that the fraud and deceit was practised upon the plaintiffs by either, as alleged in the declaration, and that the plaintiffs sustained damages in consequence of such fraud and deceit. .

5.   If the jury believe, from the evidence, that the defendants falsely and deceitfully represented to the plaintiff that no transfer of the said lot had taken place since the date of the abstract, as alleged in the first count of the declaration, with the intent and purpose as therein alleged, and that the plaintiffs, relying upon such representations, were induced to, and did, deliver wood of value to the defendant, Eames, then they will find the defendants guilty.

6.   If the jury believe, from the evidence, that the defendants made the representations and statements contained in declaration, and that the same were made with the intent as therein alleged, and that the plaintiffs, relying upon the said representations and statements, were thereby induced to deliver wood to the defendant, Eames, and that the representations and statements were false or fraudulent, as therein alleged, then they will find the defendants guilty.

7. If the jury find the defendants guilty, and believe, from the evidence, that defendant, Eames, accepted the wood lying at the depot, then they will be liable for the value thereof at Morgan's Station, if that was the place at which the same was to be delivered; and in order to ascertain whether there was an acceptance thereof, are entitled to take into consideration all the acts and statements of the defendant, Eames, in evidence, if any are in evidence, respecting the said wood, made to the freight agent and others.

8. If the jury find for the plaintiffs, and that the defendants are guilty of the fraud and deceit charged in the declaration, then, in estimating the damages, they may give the value of the wood, delivered by the plaintiffs to the defendant, Eames, at the place where the same was to be delivered, according to the terms of the contract, at the time the same was delivered, together with interest thereon to this date, together with such sum as will indemnify the plaintiffs for all damages directly sustained by them, by reason of the misconduct of the defendant, including such exemplary damages as the jury may think the circumstances warrant by way of punishment of the defendants for the fraud and deceit, and of example to the community.

The defendant excepted to giving these instructions, and, on his own behalf, he asked of the court, the following instructions, in addition to those set out in the opinion of the court, and which the Circuit Court gave to the jury:

1. Every false affirmation does not amount to a fraud, if, by an ordinary degree of precaution, the plaintiff could have ascertained the falsity of the representations complained of, then the plaintiffs are not entitled to a verdict. To entitle them to a verdict, it should appear that the representations or means made use of, were calculated to deceive a person acting with ordinary prudence, and on determining the question, the jury should consider the circumstances under which

they were made, and whether, under the circumstances, the representations were such as a person of common prudence could or should have relied upon, or as would be likely to mislead such a person.

2.  The plaintiffs are not entitled to recover, unless the jury believe, from the evidence, that the defendants made the representations alleged in the declaration, and such representations were false, and were made with an intent to defraud plaintiffs, and that the plaintiffs were induced, by such representations, to make the contract.

3.  If the plaintiffs shipped wood to defendant, Eames, that was more than one-third green, or that was not of the kind and quality mentioned in the contract between them and Eames, Eames was not bound to receive it, and if he did not receive such wood, the plaintiffs cannot recover for it.

5.  That the bill in chancery read in evidence by the plaintiff, is no evidence of any fact stated in it, and can only be used to show the fact of a suit being instituted, but the plaintiffs having read the answers of defendant filed in the same cause as evidence, it is evidence tending to prove all the facts stated in it.

The instructions asked by defendant numbered four, six, seven, eight, nine, ten, eleven, twelve and thirteen, were refused by the Circuit Court. They are copied into the opinion of this court, and it is, therefore, unnecessary again to state them.

Mr. WILLIAM T. BURGESS argued for the plaintiffs in error. He said he did not deny that an action for deceit, in the sale of real estate, would lie, but denied that it could be predicated on the false statements made in this declaration. He said the statements, the falsity of which give a cause of action, are such as the party is in duty bound to make truly, so far as he knows, and for the truth of which, the party seeking the answer must, and has a legal right to, rely upon that source of information, and in common prudence, would look

no further or elsewhere, or had not the means in his power to correct. Citing *Sims* v. *Klein*, Breese, 234; *Dunbar* v. *Bonesteel*, 2 Scam., 34; *Pasley* v. *Freeman*, 3 T. R., 51.

He attempted to sustain two propositions:

1.   That there was no damage to the plaintiffs.

2.   That they did not use common prudence in the negotiation, and again cites and commented on *Pasley* v. *Freeman* and *Stone* v. *Bennet*, 5 Hill, (N.Y.,) 303, and took a distinction between the case before the court, and that of *Weatherford* v. *Fishbach*, referring to *Kirkland* v. *Lott*, 2 Scam., 12, to sustain this view.

He contended that the first count of the declaration was fatally defective. It is not charged that they entered into the contract in consequence of the pretences, but that they delivered the wood in consequence of them. Nor was it charged in any count, that the plaintiffs did not know the contrary of defendant's allegations, nor is it charged in any count, that the deed to Otis was of record.

He also insisted, that the motion for a continuance on account of the witness McMahon should have been allowed, that his evidence was material and diligence was shown. He also insisted that the plaintiffs should have been ruled to specify the amendments made to the declaration.

In commenting on the instructions, he said the first concedes at the outset, that a party to a contract was bound to exercise reasonable care and caution to prevent being defrauded, and it concludes by saying, he "need not make such enquiries as might have resulted in a discovery of the falsity of the representations," without distinguishing in any manner, as to the source at which to make such inquiry, or the subject matter of it. He did not think a man used ordinary care and caution when buying land, if he failed to examine the records.

He then commented on the third instruction, and said, when the court told the jury that the action was based upon

fraud and deceit and loss to the plaintiffs resulting therefrom, it stated what was not the law, and second, if the plaintiffs neither performed nor undertook to perform their contract, they could not have sustained damage, and it was objectionable, because it assumes that the plaintiffs were entitled to recover if they "delivered wood of some value to the defendant and sustained damages in consequence thereof," whether there was any connection between such delivery and damage, and the contract, or not. He said these objections applied more or less to all the instructions; and insisted that the third instruction given for the defendants was in direct conflict with the third given for the plaintiff.

Messrs. GOOKINS, THOMAS & ROBERTS argued for defendants in error, and said in reply that the action was brought November 16, 1858. On the 10th of October, 1860, leave was given to amend the declaration. On the 18th of May, 1861, the case was called for trial, and continued by the plaintiffs in error, and set for trial on the 18th of June following, without objection from plaintiffs in error, and that on that day, they again moved for a continuance, and renewed the motion on the next day. They insisted there was no error in overruling these motions, because the amendments were made by leave of the court, and a party may interline his pleadings, citing *Weatherford* v. *Fishbach*, 3 Scam., 170, and that it did not appear the amendment was material, or worked any injury to defendants, or that they were unprepared for trial in consequence thereof, and if it was a material amendment, it was made ten days previous to the term at which the cause was tried, and further, that plaintiffs were not bound to refile the narr., as amended, there being no new counts added, and the general issue being in to the original narr., it was an answer to the amended narr. as well. Nor was it necessary to refile the plea of the general issue, or plead it again, citing *McAllister* v. *Ball*, 28 Ill., 210; *Wright et al.* v. *Lessee of Hollingsworth*, 1 Peters, 185.

They then discuss the nature of the action, and the propriety of the instructions, and insist that the doctrine in England, and in almost all the States, is, that a party must respond in damages for fraudulent representations, with respect to the state of the title to land he sells, citing *Pasley* v. *Freeman*, 3 Term. R., 56; *Culver* v. *Avery*, 7 Wend., 380; *Mard* v. *Wiman*, 17 Ib., 193; *Whitney* v. *Allaire*, 1 Comstock, 305; *Cravens* v. *Gant*, 4 Monroe, 126; *Browning* v. *Bancroft*, 8 Met., 278; *Upton* v. *Vail*, 6 Johns., 181; *Weatherford* v. *Fishbach*, 3 Scam., 170.

The following propositions they urged covered all the points involved in this case, and were settled law:

That an action on the case will lie for the assertion of a falsehood with a fraudulent intent as to a present or existing fact, where a direct, positive and material injury results from such assertion, citing *Benton* v. *Pratt*, 2 Wend., 386.

That the action will lie, whether the false representation be made respecting the title to real estate, the boundaries thereof, or incumbrances thereon, during the treaty, even though the negotiations be consummated by a written contract or deed with covenants against incumbrances, citing *Culves* v. *Avery*, 7 Wend., 381; *Ward* v. *Wiman*, 17 Ib., 198.

That it was immaterial, that the party making the fraudulent representations had no interest in the subject matter and expected to derive no advantage from it, citing *Weatherford* v. *Fishbach*, 3 Scam. 175; *Olmstead* v. *Hotaling*, 1 Hill, 317.

That the defendant could not allege that the plaintiff was guilty of folly in relying upon the representations, when, by using proper care, he could have ascertained their falsity, if the defendant uses any means or artifices to induce the plaintiff to forego inquiry, citing *Weatherford* v. *Fishbach, supra, Kirkland* v. *Lott*, 2 Ib., 13.

That it matters not whether the contract of the parties be executed or executory, citing *Whitney* v. *Allaire*, 1 Comst., 303.

And that the action will lie, although the fraudulent representations are not contained in the conveyance, nor in the written contract entered into between the parties, citing *Dabek* v. *Stevens*, 3 Barn. & Cres., 623.

In conclusion, they insisted the narr., and each count of it was good; that it sufficiently appeared by it that they were induced to enter into the contract to deliver the wood by the fraud and deceit of the plaintiff in error; that the material inducement to making the contract was the representations of the plaintiff in error that the title was perfect and no incumbrance on it; that the representation was fraudulent, by means whereof the defendants in error were damnified.

Mr. JUSTICE BREESE delivered the opinion of the court:

This is an action on the case for deceit on the part of plaintiffs in error, in selling a lot of land in Chicago, for a quantity of wood, they falsely representing the lot to be clear of incumbrance. A bond was executed by Eames, for the conveyance of the property, clear of incumbrance, on the delivery of the wood of the kind and quality, and at the place therein specified, Eames to retain possession of the lot until the wood should be delivered.

There are five counts in the declaration, all alleging in substance, that the defendants in error were induced, by the fraudulent acts and declarations of the plaintiffs in error, to sell and deliver to them one thousand cords of wood, and to receive therefor, a lot of ground, with the appurtenances, in the city of Chicago, which one of the plaintiffs in error, Eames, was to convey to them on the delivery of the wood; that plaintiffs in error falsely represented that they had good title, that the lot was free of incumbrance, and that they would convey when the wood was delivered. The general issue was pleaded, a trial had, and a verdict and judgment rendered for the defendants in error for two thousand four hundred and eighty-four dollars and costs. This judgment the plaintiffs in error brought here, by writ of error, and have assigned as errors, the following:

1.   That the declaration is insufficient, if there is any in the cause, upon which to render any judgment.

2.   The court refused a continuance of the cause on the 13th of May, 1861.

3.   The court refused the motion for the plaintiffs to specify the amendments in the declaration.

4.   The court tried the cause without the issue being made up, the defendant, Eames, objecting.

5.   The court refused the motion for a new trial on the part of each of the plaintiffs in error.

6.   The court erred in the several and various rulings made on the trial of the cause, to which the defendant at the time excepted.

7.   The instructions for the plaintiffs were severally erroneous.

8.   The instructions asked by the defendant, and refused by the court, should have been given.

As to the first error assigned, we are of opinion that the declaration is good in form and substance.   The action was case for fraud and deceit, and not upon the contract to convey the lot of land.   The averments in the declaration are, in the first count, after setting out the bond for the deed, that after the execution of the bond and condition, the said plaintiffs, under and by virtue and in performance of said contract, delivered to the said Eames a large quantity of wood, to wit, one thousand cords of wood, of great value, etc., and the plaintiffs aver that they have never received any payment or consideration whatever for said wood, and also that the sole inducement to the plaintiffs for delivering the wood, was the obtaining a good and sufficient title, free of incumbrance, of the real estate above described, according to the provisions of the bond and condition; and also that the defendants falsely, fraudulently and knowingly, and for the purpose of deceiving the said plaintiffs, and before the consummation and delivery of the wood, represented to the plaintiffs that the defendants had a good and valid title to the said real

estate, when in truth and in fact, the said Eames and Ford-
ham, at the time they made such representation, had con-
veyed the same in fee, by deed, on the 16th of June, 1857,
to one James Otis, as trustee, in security for the payment of
eleven hundred dollars in four months from the date thereof;
and further, that the said lot was sold on the 7th day of.
April, 1858, in default of the payment of said eleven hund-
red dollars, by virtue of a power of sale in said trust deed in
default of payment of the said sum of money, and the plain-
tiffs further aver, that on inquiry being made by the said
plaintiffs, during the negotiation, in reference to said con-
tract as to the title to the said lot, the said defendants pro-
posed to furnish an abstract of the title thereof, and there-
upon did, on the day of the date of said bond or during the
negotiation preceding the execution of said bond, furnish an
abstract which extended down to the 13th day of June, 1857,
three days anterior to the conveyance aforesaid, to James
Otis, pretending, fraudulently, and for the purpose of deceiv-
ing the plaintiffs in the premises, that no sale or transfer of
the lot had taken place since that time, and the plaintiffs
aver that although they have demanded a deed from said
Eames of the lot, in accordance with the said agreement, the
said Eames has omitted to execute such deed, and is, and
always has, since the execution of said bond, been utterly
unable in law and in fact to make a good title to the said
lot clear of all incumbrance.    And that they, said plain-
tiffs, by means of such false and fraudulent representations
and pretences, and confiding in the same, were induced to
and did deliver the said wood to the said Eames.    The
other counts do not differ materially from this, and we are
at a loss to perceive what element is wanting to make it a
good declaration in an action on the case for a deceit.

The rule is well established, that a false affirmation made
by a defendant, with intent to defraud the plaintiff, where-
by the plaintiff receives damage, is the ground of an action
upon the case in the nature of deceit.   *Pasley et al.* v. *Free-
man,* 3 Term. Rep., 51.   And this when the defendant may

not be benefitted by the deceit, or that he should collude with the person who is benefitted. *Ibid ; Weatherford* v. *Fishbach,* 3 Scam., 170. With how much greater force should this principle apply, where the defendant is benefitted by the deceit? The proof sustains all the material allegations of the declaration, and shows a case of the most deliberate and premeditated fraud, going to the extent of preparing an abstract of title showing the title to be in Eames three days before the consummation of the bargain. This shows deliberation and contrivance, and on the presumption. that the defendants in error were dealing with an honest man, a resort to the records would not, by an ordinarily cautious man, be deemed necessary. It was a deliberate, well concerted plan to get the wood for a lot incumbered to near its full value, under protestations and assertions all the time that it was free of incumbrance.

As to the second error, refusing a continuance on the 13th of May, 1861, by reason of the amendments to the declaration, it is sufficient to say, the plaintiffs in error fail to show what those amendments were, and wherein they were material. It is only where material amendments are made, changing in some degree the character of the claim, that a continuance is allowed. *Hawks* v. *Lands,* 3 Gilm., 227; *Illinois Marine and Fire Ins. Co.* v. *Marseilles Manufacturing Co.,* 1 Gilm., 236; *Covell et al.* v. *Marks,* 1 Scam., 525.

As to the third point, the Circuit Court should have required the plaintiff to specify the amendments he had made to the declaration, on being called on for that purpose by the defendant, in a regular manner, as he was so called on in this case. This was an error, but not of a character sufficient to reverse the judgment, the record showing a full and fair trial on the merits.

Upon the fourth error assigned, the cause was not tried without the issue being made up. The plea of not guilty, the only plea to the action, was filed, and it was not necessary to file it again. There it stood for the defendants' benefit,

under which they could give every conceivable matter of defence, and which, the record shows, they did do. The rule is, a defendant should answer an amended declaration anew, unless he has a plea on file which would answer any declaration in the form of action used. *McAllister* v. *Ball*, 28 Ill., 210.

As to the fifth and sixth errors assigned, we see no reason for granting a new trial, nor any exceptionable rulings of the court in the progress of the cause, save the one we have already noticed.

Now as to the instructions. Those given for the plaintiffs placed the case on the ground of deceit, the only ground on which it could be placed, and there is nothing in any one of them to which exception could be taken.

The instructions given for the defendant were as favorable to him as the case justified. The jury was told that every false affirmation did not amount to a fraud, and if, by an ordinary degree of precaution, the plaintiffs in this case could have ascertained the falsity of the representations complained of, then the plaintiffs were not entitled to a verdict. To entitle them to a verdict, it should appear that the representations or means made use of were calculated to deceive a person acting with ordinary prudence, and in determining this question, the jury should consider the circumstances under which they were made, and whether, under the circumstances, the representations were such as a person of common prudence would or should have relied upon, or as would be likely to mislead such a person. The jury were further told the plaintiffs were not entitled to recover unless the jury believed, from the evidence, that the defendants made the representations alleged in the declaration, and such representations were false, and were made with an intent to defraud plaintiffs, and that the plaintiffs were induced by such representations to make the contract. The court also instructed the jury for defendants, if the plaintiffs shipped wood to defendant, Eames, that was more than one-third

18

green, or that was not of the kind and quality mentioned in the contract, Eames was not bound to receive it, and if he did not receive such wood, the plaintiffs cannot recover for it.

The following instructions asked by the defendants were refused, and exceptions taken :

If the jury believe, from the evidence, that the defendants made the representations alleged in the declaration, yet the plaintiffs are not entitled to recover for the wood delivered under the contract with Eames, if they believe, from the evidence, that plaintiffs did not perform their contract with defendants, by delivering one thousand cords of wood at the time and of the kind and quality mentioned in said contract, and if the plaintiffs did not perform the entire contract they cannot recover, because the defendant, Eames, was not bound to perform his part of the contract until the plaintiffs had performed on their part according to the terms of their contract.

The court instructs the jury, that upon the pleadings and proofs in this case, the plaintiff is not entitled to recover.

The court instructs the jury, that as a matter of law, the plaintiffs are not entitled to recover in this action against Eames and Fordham for the violation or non-performance of the contract between plaintiff and Eames.

The court instructs the jury, that though they may believe, from the evidence, that the defendants made the false and fraudulent representations alleged in the declaration, yet the plaintiffs are not entitled to recover upon the pleadings in this cause.

If the plaintiffs are entitled to recover at all, they can only recover the value of the wood delivered, and such as was of the kind and quality mentioned in the contract, after deducting therefrom the freight.

The court instructs the jury, that they cannot render a verdict against the defendant, Fordham, for any default or non-performance on the part of defendant, Eames, of his contract with the plaintiffs.

If the jury believe, from the evidence, that the defendants did make the representations alleged in the declaration, and also that they were false, yet the plaintiffs cannot recover if the jury further believe from the evidence that the defendants did not intend to deceive and defraud the plaintiffs. If, therefore, the defendants at the time they made such representations intended in good faith to remove the incumbrances upon said land by the time they were to convey the same to the plaintiffs, and were prevented from doing so by the non-performance of the contract on the part of the plaintiffs, then the plaintiffs can not recover.

Every false affirmation does not amount to a fraud. If, by an ordinary degree of precaution, the plaintiffs in this case could have ascertained the falsity of the representations complained of, then the defendants are not liable, and the searching of the records of the county was an ordinary degree of precaution which the plaintiffs ought to have taken before concluding the purchase.

If the jury believe, from the evidence, that the plaintiffs did not comply with and keep their written contract, in evidence, with Eames on their part, they are not entitled to any damages as against him under that contract, in any form of action. And in this case, as the plaintiffs must have sustained actual damage, recognized by the law as such, if the plaintiffs have not shown any damage sustained by them other than the failure of Eames to comply with that contract by conveying the land clear of incumbrance, the jury will find for the defendant.

Keeping in view that this action is not brought on the contract, or for its violation, but for fraud and deceit, the propriety of the refusal of these instructions is obvious. The gravamen of the action is the deceit practised by the plaintiffs in error, and it is totally immaterial, in this view, whether the defendants in error performed their contract or not.

The instruction marked eleven, and refused, was substantially given by the court for the defendants, and is embraced in the one first given.

We perceive no error in refusing these instructions. The merits of the case, on law and fact, were fully before the jury, and we are satisfied they rendered a proper verdict.

We omitted to notice, in the proper place, the exception to the refusal of the court to continue the cause, on defendants' affidavit, of the absence of a witness, McMahon. As the suit is not brought on the contract, his testimony was not material, consequently the court did not err in refusing the continuance. The court, however, did continue the cause until the second day of the next term, to enable the parties to prepare for trial, to which the defendants did not object. The judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*