# Ridgely National Bank of Springfield, Illinois, v. Nathaniel K. Fairbank.

1. AMENDMENTS—*The Proper Practice.*—The proper practice is to present the proposed amendment at the time leave to file it is asked, but the court in its discretion may give leave to amend at a future time.

2. SAME—*Rule to Plead to.*—It is not proper to rule a party to plead to an amendment not on file and which may never be filed.

3. DEFAULT—*With a Plea on File.*—A plea which answers any declaration that may be made in the case applies to all amendments, and it is error to enter a default with such a plea on file.

**Memorandum.**—Assumpsit on promissory note.    Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding.    Heard in this court at the March term, 1894.    Reversed and remanded.    Opinion filed June 18, 1894.

The opinion states the case.

HERRICK, ALLEN & BOYESEN, attorneys for appellant.

COLLINS, GOODRICH, DARROW & VINCENT, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit.    The course of the pleadings was as follows:

The original declaration filed consisted of the common counts, only, with an affidavit of claim.    To this the defendant pleaded the general issue with an affidavit of merits. Plaintiff, after leave obtained, filed an amended declaration consisting of special counts on a promissory note, and common counts, which amended *narr.* was stricken from the files on motion of the defendants, on October 13, 1893.    Plaintiff on that date obtained leave to file a second amended declaration within one day, and at the same time defendant was ruled to plead to the same by October 18th.    The second amended declaration, consisting of special counts on a promissory note and common counts with an affidavit of claim, was filed on October 14, 1893, and within one day.

On October 19th the defendant was defaulted for want of a plea in accordance with the rule and judgment entered. A subsequent motion to set aside this judgment and default was denied.

While the proper practice is to present a proposed amendment when leave to file it is asked, yet the court in its discretion may give leave to amend at a future time. McFarland v. Claypool, 128 Ill. 398; Johnson v. Glover, 19 Ill. App. 585.

It is not proper to rule a party to plead to an amendment not on file and which may never be filed.

The fact that as a matter of convenience to all parties, no one dissenting, rules to plead are frequently made under such circumstances, does not establish the propriety of such action when, as in the present case, the party against whom the rule is, objects to its entry.

The amendment having been filed, the defendant did not plead to the same as he had been ruled; thereupon, for want of compliance with such rule, his default was entered.

When such default was entered the plea of the general issue, filed to the original declaration, was on file.

This plea was appropriate to the amended declaration to which the defendant was ruled to plead; and being on file the defendant should not only not have been ruled to plead to a declaration, to which he already had a sufficient plea, but it was error to enter his default for want of a plea.

A plea which answers any declarations that can be made in the case applies to any amendment. Wright v. The Lessees of Hollingsworth, 1 Peters, 167; McAllister v. Ball, 28 Ill. 210.

The plea of the general issue filed in the present case was not verified; in this respect the present case differs from that of Williams v. Miami Pow. Co., 36 Ill. App. 107, and also from the case of Lehman v. Siggeman, 40 Ill. App. 276. Moreover, as is said in Lehman v. Siggeman, "the plea of *non est factum* in an action of debt is not like the general issue in assumpsit."

The judgment of the Circuit Court is reversed and the cause remanded.