## Anthony Dubois, Jr., v. George Robbins.

### Gen. No. 4,378.

1. DECLARATION—*when, in slander is good after verdict.* A declaration in an action of slander which fails to state the time when the slanderous words charged were spoken, so as to show affirmatively that the action is brought within the period authorized by the statute, is good after verdict.

2. ADDITIONAL COUNT—*when issue upon, deemed complete.* In an action on the case the issue upon additional counts filed to a declaration is deemed complete if the plea filed to the original declaration would, likewise, be a good answer to such additional counts, where the defendant does not seek an opportunity and does not actually plead anew to such additional counts.

3. SLANDER—*when proof of, competent, notwithstanding Statute of Limitations would be a bar.* Proof of slanderous words uttered more than a year prior to the institution of an action for slander, may be made by the plaintiff where no plea of the Statute of Limitations has been interposed by the defendant.

4. SLANDER—*when proof of, sufficient.* All the slanderous words charged in a particular count of a declaration for slander, need not be proved successfully to maintain the action; proof of enough of such words to constitute a cause of action is sufficient.

Action on the case. Appeal from the Circuit Court of Lee County: the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the April term, 1904. Affirmed. Opinion filed August 24, 1904.

S. B. POOL, for appellant.

HIRAM A. BROOKS, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This is an action on the case brought by Robbins against Dubois for slander in calling plaintiff a thief. Plaintiff had a verdict and judgment for $100 and defendant appeals.

The original declaration did not state fully the time and place of the speaking of the slanderous words, but expressed the time and place by the abbreviation "on, etc., in, etc." To this declaration defendant pleaded the general issue. Afterwards, by leave of court, plaintiff filed two additional counts, in which the time and place were fully stated. The record kept by the clerk recites that it was stipulated by

the attorneys that the plea of the general issue theretofore filed should stand as a plea to the additional counts. It is argued that the original declaration was bad because it did not give the date when the slanderous words were spoken and show it was within one year before the suit was brought; that as the bill of exceptions does not contain a stipulation that the general issue stand as a plea to the additional counts, and the court did not enter an order that it so stand, no issue was formed upon the additional counts, and they cannot be relied upon to support the verdict, and that in that state of the pleadings the court erred in giving the second instruction asked by plaintiff, because it did not limit the right to recover to a speaking of the words within one year before the suit was brought, within which time after the cause of action accrues section 13 of our Statute of Limitations requires that an action for slander shall be commenced.

None of these contentions can be sustained. The original declaration was good after verdict, and the facts imperfectly stated therein or omitted therefrom are presumed to have been proved at the trial, under the rule laid down in City of East Dubuque v. Burhyte, 173 Ill. 553, and many other cases. If the court had ordered that the general issue stand as the plea to the additional counts pursuant to the alleged-stipulation, that would have been effective without the presence of any stipulation in the bill of exceptions. But if the clerk had no right to make that recital in the record because the court made no order based thereon, yet without any stipulation or order we understand the rule to be that if there be an original declaration and a plea thereto, and afterwards a new count be filed, while the defendant may plead anew thereto, yet on the other hand he may waive his right to plead *de novo*, and may abide by his plea already filed, if it is sufficient to constitute an answer to the additional count. In such case, if he fails to plead to the additional count, and goes to trial without objection, he is held to have waived his right to plead anew to the additional count and to have elected to

abide by the plea already filed, and the plaintiff is put to the proof of his case on the new as well as on the original counts. Wright v. Hollingsworth's Lessee, 1 Peters, 165; Eames v. Morgan, 37 Ill. 260; Ridgely National Bank v. Fairbank, 54 Ill. App. 296; Pease v. Bartlett, 97 Ill. App. 492. The Statute of Limitations was not pleaded, and therefore defendant was not confined to proof of slanderous words uttered within one year before the suit was begun, nor was the court required to notice the statute in the instructions. Wilson v. Van Winkle, 2 Gilm. 684. But all the proof shows that the occasion when the colloquy took place upon which the suit is based was only three or four months before the suit was begun, and less than six months before the trial, so that if there were any technical error in this respect it would not be ground for reversing the judgment.

It is not necessary to prove the speaking of all the words set out in the declaration. There was proof that defendant called plaintiff a thief, and other proof that he did not use that word. This controverted question of fact has been decided by the jury, and that decision has been approved by the trial judge. We would not be warranted in disturbing that conclusion.

The judgment is affirmed.

*Affirmed.*