### John Ryan, Appellee, v. John McGirr, Appellant.

### Gen. No. 5604.

1. PLEADING—*effect of failure to file replication.* When the parties proceed to trial without a written issue being made upon the pleas the formal written issue is considered as waived, or an oral issue is considered as joined, and the irregularity is cured by verdict.

2. INSTRUCTIONS—*when refusal of correct will not reverse.* The refusal of a correct instruction asked by the defendant as to the burden of proof will not reverse where the evidence of the plaintiff was not controverted by the defendant.

Judgment by confession. Appeal from the Circuit Court of De Kalb county; the Hon. DUANE J. CARNES, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912.

JOHN A. DOWDALL, J. E. MATTESON and H. A. JONES, for appellant.

CLIFFE & CLIFFE, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

On September 7, 1910, John Ryan obtained a judgment by confession against Timothy Duggan and John McGirr on a note for $500 with interest at 6% dated July 10, 1907, payable one year after date. Thereafter the judgment was opened with leave to plead. Duggan filed pleas of the general issue and discharge in bankruptcy. There was a replication to the bankruptcy plea. McGirr filed a plea of the general issue and a special plea setting up fraud and circumvention in obtaining his signature, in that it was represented to him that if he would sign the note, Duggan's wife would also sign the same as co-surety, and that the note should not be delivered to or received by Ryan unless she signed it. This plea was verified. No replication was filed thereto. At the close of the evidence the suit was dismissed as to Duggan. There was a verdict and a judgment of $502.50 for Ryan, and McGirr prosecutes this appeal.

It is contended that the absence of a replication to the plea of fraud and circumvention amounted to a confession of the facts therein stated and Ryan was not entitled to judgment as against McGirr under the plea of general issue; that the court erred in ruling on the evidence and the instructions.

The case was tried precisely the same as if a replication had been filed to the plea and issue formally joined. McGirr made no objection to proceeding to trial as the pleadings were. He might have taken a rule on Ryan to reply to the plea or prayed judgment for want of replication. This he did not do. It is now the settled doctrine in this state that when the parties proceed to trial without a written issue being made upon the pleas the formal written issue is considered as waived, or an oral issue is considered as joined, and the irregularity is cured by verdict. Ross v. Reddick,

1 Scam. 73; Barnett v. Graff, 52 Ill. 170; Strohm v. Hayes, 70 Ill. 41; People v. Lindblom, 215 Ill. 58; Wetz v. Greffe, 71 Ill. App. 313; Supreme Court of Honor v. Barker, 96 Ill. App. 490; Stitzel v. Franks, 126 Ill. App. 260. Therefore the court properly treated the case as if the special plea had been traversed and issue joined. On that issue the burden was on McGirr. The note was introduced in evidence, and the proof of the fact that McGirr signed it made a case for Ryan under the declaration and the plea of the general issue, and McGirr introduced no evidence to defeat that contention except the evidence in support of his special plea.

The evidence shows that Duggan applied to Ryan for a loan; that Ryan said he could have the money if he would furnish him a bankable signer and that McGirr would do; that Ryan left the money at a bank and Duggan presented the note signed by himself and McGirr and received the money. Ryan testified that he never had any talk with McGirr about the note and that he only spoke to Duggan about it and that Duggan's wife was not mentioned. Duggan testified that he told Ryan he thought he could get McGirr and that nothing was said about another signer. McGirr testified that a week or two before he signed the note Ryan told him that Duggan wanted to borrow some money and asked him if he would sign a note if Duggan's wife would sign it and he said he would; that later Duggan told him his wife would sign the note and he signed it and handed it to Duggan. McGirr made two interest payments of $50 each on the note. There was sufficient space between the signatures of Duggan and McGirr for another signature. McGirr was not permitted to prove what he thought and what others thought was the reason why there was a space between the two signatures. All that McGirr was entitled to prove was what, if anything, was said about that. He was not permitted to prove that Duggan's wife had property.

If he signed on the condition that Duggan's wife would sign before the note was delivered and if Ryan knew that condition when he received the note, then the plea would be sustained, regardless of the wealth or poverty of Duggan's wife. So, likewise, if there was no such condition the note would be valid, regardless of her wealth or poverty. There was some evidence tending to show that Duggan made some kind of a promise to pay the note after he went into bankruptcy and perhaps after he was discharged. That promise was so indefinite and uncertain that it had no effect upon the rights of the parties and if it amounted to an extension of the time of payment of the note, which we are of opinion it did not, still McGirr could not avail thereof in the absence of a plea alleging an extension of time to the principal debtor without the knowledge and consent of the surety. There being no such plea, no question arises on this record as to whether that would release the surety. McGirr was allowed to prove everything that was said relating to the issues. There was a clear preponderance of the evidence against the truth of McGirr's plea of fraud and circumvention and the jury were warranted in finding that there was no promise made to McGirr that Duggan's wife would sign the note and that he did not sign it on condition that she also would sign it. We find no error in the rulings of the court on the evidence.

For appellee the court instructed the jury that the principal controverted question was whether there was an agreement between McGirr and Ryan before the signing of the note that Duggan's wife should also sign it and that if they believed from the evidence there was such an agreement, Ryan could not recover and their verdict should be for McGirr, and if they believed from the evidence there was not such an agreement or if they believed that the evidence was equally balanced as to whether or not there was such an agreement, then their verdict should be for Ryan.

The court refused an instruction requested by Mc-Girr which stated that the burden of proof was on Ryan to establish the case by a preponderance of the evidence. This instruction stated the law correctly and might well have been given, but in as much as McGirr offered no evidence to defeat the note except the evi-dence in support of his special plea upon which he had the burden of proof, and in as much as the jury were properly and accurately instructed in all other re-spects, the refusal of the instruction did not harm him. We are not called upon to decide, and do not decide, whether the special plea presented a valid defense.

Finding no reversible error in the record, the judg-ment is affirmed.

*Affirmed.*