Farley v. Dean et al., 196 Ill. App. 389.

## J. J. Farley, Appellee, v. George H. Dean and Frances Dean, trading as G. H. Dean and Company, Appellants.

### Gen. No. 6,103.

1. PLEADING, § 387*—*when general issue sufficient plea.* Where defendant pleads the general issue to a declaration containing only the common counts, a further plea is not required upon plaintiff

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

amending by adding other counts, the general issue being a sufficient plea to such counts.

2. PLEADING, § 453*—*when written pleas and formal joinder of issue waived.* By going to trial without raising any question as to the lack of pleas, plaintiff waives the necessity for written pleas and for the formal joinder of issue.

3. PRINCIPAL AND AGENT, § 167*—*when agent not liable for breach of contract negotiated for principal.* One who is not a party to a contract, and has nothing to do with such contract except he negotiated the contract as agent for another, cannot be held liable for a breach thereof.

4. PLEADING, § 431*—*when variance fatal.* A material variance between a contract declared on and the contract proved is fatal, since the evidence offered in support of a declaration must substantially support the allegations of such declaration.

5. CONTRACTS, 366*—*what constitutes fatal variance between contract declared on and proved.* In an action to recover on a contract wherein the contract proved was not between the same parties and not in relation to the same subject-matter as that declared on, *held* that there was a fatal variance, so that a motion by defendant at the close of all the evidence to direct a verdict in its favor should have been sustained.

Appeal from the City Court of DeKalb; the Hon. JOHN A. DOW-DALL, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed October 20, 1915. Rehearing denied December 8, 1915.

A. G. KENNEDY, for appellants.

CLIFFE & CLIFFE, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case the appellee, James J. Farley, sued the appellants, George H. Dean and Frances Dean, copartners under the name of G. H. Dean & Company, in assumpsit, in the City Court of DeKalb, and recovered a judgment for the sum of $350, for the value of a secondhand Maxwell automobile. Appellee claims to have turned this automobile over to the appellants as a first payment on the purchase of a new automobile, which was to be furnished him by the appellants,

under an alleged contract, and which it is alleged they failed to so furnish.

The first declaration filed contained only the common counts, to which appellants pleaded the general issue. Afterward, by leave of court, the appellee filed three additional counts. In the first additional count, it is alleged, that the appellee, on or about April 6, 1913, entered into an agreement or contract of sale, for one 40-horsepower Maxwell automobile and extra attachments thereto, to be delivered to the appellee on or about May 1, 1913; and that appellee, in consideration of said purchase and the delivery of said automobile to him, agreed to pay the sum of $1,700 therefor, namely: $1,135 in cash and one secondhand automobile, of the value of $575; that appellee was ready and willing to complete said contract and to pay to appellants the $1,135 balance on said first day of May, 1913, but that appellants failed and refused to deliver to appellee the automobile contracted for, and refused to return to appellee the secondhand automobile which he had turned over to them as first payment, but converted the same to their own use.

Substantially the same allegations are contained in the other additional counts, in regard to the contract entered into, the kind of automobile purchased by appellee, the amount to be paid therefor, the kind and character of payments to be made and the time of making the same; also as to the failure of appellants to deliver the automobile so purchased, to appellee, as agreed; and similar allegations are contained therein, as to the retention and conversion by appellants, of the secondhand automobile, turned over to appellants, by appellee, as a first payment.

No plea was filed by appellants to the additional counts, but this was not necessary as the plea of the general issue on file was sufficient to constitute an answer to the additional counts. *Dubois v. Robbins,* 115 Ill. App. 372; *Wright v. Lessee of Hollingsworth,*

1 Pet. (U. S.) 165; *McAllister v. Ball*, 28 Ill. 210; *Eames v. Morgan*, 37 Ill. 260; *Ridgely Nat. Bank of Springfield v. Fairbank*, 54 Ill. App. 296; *Pease v. Bartlett*, 97 Ill. App. 492; *Milwaukee Mechanics' Ins. Co. v. Schallman*, 188 Ill. 213.

Moreover, the parties by going to trial, without raising any question on account of the lack of pleas, waived the necessity of written pleas and formal issues joined. *Brazzle v. Usher*, Breeze 14; *Ross v. Reddick*, 2 Ill. (1 Scam.) 73; *Ryan v. McGirr*, 168 Ill. App. 415; *J. I. Case Threshing Mach. Co. v. Pule*, 175 Ill. App. 190; *Anderson v. Patty*, 168 Ill. App. 151; *Ryan v. McGirr*, 168 Ill. App. 415.

The evidence adduced on the trial clearly shows that the subject-matter of this suit is based on a contract in writing, made by the appellee with the Cole Motor Company through the agents of the company, G. H. Deane & Company, and that the contract is for the purchase of a Cole Model 40-T car, with certain extras mentioned, to be delivered to appellee about May 1, 1913. The contract is as follows:

"Chicago, Ill., 4-5, 1913.
Phone Calumet 5466.

"Cole Motor Company,
    1470 Michigan Ave.

Gentlemen:

You are hereby authorized to enter my order for one Model 40 T, for which I agree to pay the sum of $1,135, F. O. B. DeKalb. Hand you herewith Maxwell Dollars as first payment thereon and agree to pay balance on delivery which is to be on or about May 1st, 1913.

The first payment shall be forfeited as liquidated damages if subsequent payment is not made within five days of notice that the car is ready for delivery.

Notice may be sent by mail to the address given below. 49 Extras as follows:

1 tube & casing & chains & cover

Price of car...............
Price of extras............
Freight ..................
Total ....................
Deposit ..................
Balance due...............

Deposit received and accepted this..............191

Cole Motor Co.,         J. J. Farley,
                                    Purchaser.
Salesman, Quinn                     DeKalb,
                                    Address,
Order No........                    Ill.
                                    Telephone."

As a first payment, the appellee turned over to the appellants, as agents of the Cole Motor Company, his secondhand Maxwell car; and by the foregoing contract agreed to make a further payment of $1,135 on delivery to him, of the Cole car, F. O. B. DeKalb. Appellee claims that there was a breach of this contract, because the car specified in the contract was never furnished nor offered to him by the Cole Motor Company or its agents.

There was no evidence on the trial of any contract between the parties, than the one hereinbefore set out, with the Cole Motor Company. It is clear that the appellants had nothing to do with this contract, except in the capacity as agents of the Cole Motor Company, and were not parties to it and hence could not be held liable for a breach thereof. No evidence was adduced on the hearing, and none appears in the record, to sustain the allegations made in the declaration, of a contract made by appellee with appellants, for the purchase from them of a Maxwell car; nor is there any evidence of any other transaction than that

relating to and connected with the contract heretofore set out; and there is no evidence under which a recovery could be had under the common counts.

It is well settled that the proof must substantially sustain the allegations of the declaration. If the contract proved varies materially from the contract stated in the pleadings, it is fatal to a recovery. *Wheeler v. Reed,* 36 Ill. 85; *Kaiser v. Topping,* 72 Ill. 229; Stephen on Pleading, 107; 1 Greenleaf on Evidence, 79.

The contract in evidence is clearly at variance with the contract set out in the declaration. It relates to a different kind of an automobile, and is not between the same parties. In that state of the pleadings and the proofs, the court should have sustained appellant's motion, made at the close of all the evidence, to direct a verdict for the defendants.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*