Isabelle W. Shumway, Appellant, v. Hiram M. Shumway and Dorice D. Shumway, Appellees.

Gen. No. 8,778.

Heard in this court at the January term, 1935. Opinion filed April 12, 1935.

W. B. McBride, of Taylorville, and Dryer & Brown, of Hillsboro, for appellant.

John E. Hogan, Harold S. Williams and Leal W. Reese, all of Taylorville, for appellees.

Mr. Justice Allaben delivered the opinion of the court.

On January 10, 1930, Isabelle W. Shumway, plaintiff, filed her declaration to the November term, 1929, of the circuit court of Christian county, in vacation, and took judgment by way of confession against defendants, in the sum of $12,238.52, including attorney's fees, and costs. The declaration was as follows:

"Isabelle W. Shumway, plaintiff in this suit, by W. B. McBride her Attorney, complains of Dorice D. Shumway and Hiram M. Shumway, defendants in this suit, in a plea of trespass on the case on promises.

"For That, Whereas, the Defendants, Dorice D. Shumway and Hiram M. Shumway have heretofore to-wit given their certain promissory notes to Glenn F. Shumway one for the amount of Thirty Seven Hundred Fifty ($3750.00) Dollars, dated March 9, 1921; one for the amount of Thirteen Hundred Thirty Eight ($1338.10) Dollars and Ten Cents, dated January 1, 1926, one for the amount of Twenty Four Hundred ($2400.00) Dollars, dated January 5, 1926; each of said notes drawing Seven (7) per cent. interest from the date thereof, and which were duly endorsed to the plaintiff, Isabelle W. Shumway.

"And afterwards and on to-wit the 27th day of January, 1926, the said Dorice D. Shumway and Hiram M. Shumway made and executed their note in the sum of One Thousand ($1000.00) Dollars to the plaintiff herein; that afterwards on to-wit April 7, 1926, they made, executed and delivered to the plaintiff another note in the sum of One Thousand ($1000.00) Dollars, each of said notes drawing interest at the rate of Seven (7) per cent. per annum from the date thereof each of said notes were then and there delivered to the plaintiff, and each of said notes the defendants by the name, style and description of Dorice D. Shumway and Hiram M. Shumway promised to pay to the plaintiff the said sums due respectively on said notes, for value received.

"And whereas, also the said Defendants, afterwards, to-wit on the same day and at the place aforesaid, to-wit, at said County, made and executed their Power of Attorney and attached the same to said Notes, by which power of Attorney the said Defendants authorized any Attorney of any Court of Record, to appear for them in said Court, at any time after the date of said notes, and confess a judgment, without process, in favor of the holder of said notes, for such amount as may appear to be due thereon, with Costs, and Ten (10) per cent Attorney's fees. By means whereof, and by force of the statute in such case made and provided, the said Defendants became liable to pay to the said Plaintiff the said sum of money in the said Notes specified, according to the tenor and effect of the said notes, and of the said endorsements, so thereon made as aforesaid; and, being so liable, the said Defendants, in consideration thereof, afterwards, to wit: on the same day and year, and at the place aforesaid, undertook, and then and there faithfully promised to said Plaintiff well and truly to pay unto the said Plaintiff the said sum of money in the said

Notes specified, according to the tenor and effect of the said Notes and the said endorsements so thereon made as aforesaid.

"YET the said Defendants, although often requested, etc., have not yet paid the sum of money, or any part thereof, to the said Plaintiff but so to do have hitherto wholly refused, and still do refuse, to the damage of the said Plaintiff of Twelve Thousand Two Hundred Thirty-eight ($12,238.52) Dollars and Fifty-two cents and therefore she brings suit, etc.

W. B. McBride<br>PLAINTIFF'S ATTORNEY."

Attached to the declaration was the following affidavit:

"State of Illinois ⎱ ss.
"Christian County ⎰

"Isabelle W. Shumway being duly sworn, deposes and says that she is acquainted with the handwriting of the said Defendants, Dorice D. Shumway and Hiram M. Shumway, the makers of the annexed notes and Power of Attorney; and deponent further says, that the signatures to the said notes and power of Attorney, are the genuine signatures of the said Dorice D. Shumway and Hiram M. Shumway, and that they are still living.

Isabelle W. Shumway.

"Subscribed and Sworn to before me this 9th day of January, A. D., 1930.

W. B. McBride.

(SEAL) NOTARY PUBLIC."

Attached to the declaration were five notes in varying amounts, three of which were payable to Glenn F. Shumway. On these three notes, bearing indorsements of certain interest payments, appear the following indorsement: "Without recourse Glenn F. Shum-

way.'' The other two notes were payable to Isabelle W. Shumway. Because for the purposes of this decision the principal amounts of the various notes, and the interest payments thereon, are not in controversy, we set out only one of the notes in full which was as follows:

''$3750.00          Taylorville, Ill. March 9, 1921
''*On Demand* after date for value received, *we* promise to pay to the order of

Glenn F. Shumway

~~THE FIRST NATIONAL BANK OF TAYLORVILLE~~

*Thirty seven hundred fifty and no/100* . . . . . .Dollars at the said Bank, Taylorville, Ill., with interest at the rate of seven per cent per annum from *date* and empower and authorize any attorney at law of any court of record at any time hereafter to enter our appearance in any court of record, either in term time or vacation, and waive the issue of process on us, and to confess judgment against us, or either of us, in favor of the payee or assignee for amount unpaid hereon with interest, costs of suit and ten per cent attorney's fees, and to release all errors and waive the right of appeal, and writ of error on such judgment.

D. D. Shumway Estate
By Dorice D. Shumway Ex
By Hiram M. Shumway Ex

No. —— Due ———
Int. Due 3-9-22 to 5-1-26 1085.00''

Attached to the declaration was the following cognovit, omitting caption:

''And the Said Dorice D. Shumway and Hiram M. Shumway Defendants in the above entitled suit, by Arthur Yockey Attorney come and defend the wrong and injury, when etc., and waive service and process, and say that they can not deny the action of the said Plaintiff, nor but that they, the said defendants, did un-

dertake and promise, in manner and form as the said Plaintiff has above complained against them nor but that the said Plaintiff has sustained damages on occasion of the non-performance of the several promises and undertakings in said declaration mentioned, including the sum of Eleven Hundred Twelve ($1112.59) Dollars and Fifty-nine Cents for Attorney's fees for entering up this Judgment, over and above all other costs and charges by her about this suit in this behalf expended to the amount of Twelve Thousand Two Hundred Thirty-eight ($12,238.52) Dollars and Fifty-two Cents; and the said Defendants further agree that no writ of error or appeal shall be prosecuted on the Judgment entered by virtue hereof, nor any bill in equity filed to interfere, in any manner, with the operation of said Judgment and that they hereby release all errors that may intervene in entering up the same, or issuing the execution thereon, and consent to immediate execution upon such Judgment.

Arthur Yockey
Defendants' Attorney.''

On January 13, 1930, which was the first day after the entry of judgment on which the court was in session defendant Hiram M. Shumway filed a motion to redocket the cause, to allow the defendants to plead, and to set aside the judgment. On February 24, 1930, the judgment was opened, ''Leave (was given) to defendants to plead to the merits. Judgment to stand as security.'' On March 24, 1930, defendant Hiram M. Shumway filed his general and special demurrer to plaintiff's declaration, which, omitting caption, was as follows:

''DEMURRER TO DECLARATION.

''And the defendant, Hiram M. Shumway, by Leal W. Reese, his Attorney comes and defendants etc., when etc., and says that the said Declaration hereto-

fore filed in the above entitled cause, and the matters therein contained in manner and form as the same are above set forth are not sufficient in law for the plaintiff to maintain her aforesaid act and that he, the defendant is not bound by law to answer the same; and this he is ready to verify.

''2.

''And the defendant shows to the Court here the following reasons of demurrer to the said declaration:

''1. The Declaration as filed in said cause alleges that the defendant, Hiram M. Shumway (together with Dorice D. Shumway), has heretofore given certain promissory notes to Glen F. Shumway, one for the amount of $3750.00, dated March 9th, 1921, one for the amount of $1338.10, dated January 21st, 1926, and one for the amount of $2400.00 dated January 5th, 1926. It is also set forth that the defendant did on the 27th day of January 1926 make and deliver to the plaintiff, Isabel W. Shumway one promissory note in the sum of $1,000.00, and did also execute another certain note to the plaintiff on April 7th, 1926, in the sum of $1,000.00.

''2. No copies of any such notes as above set forth are attached to the Declaration filed in said cause.

''3.

''And the defendant shows to the Court as additional cause for demurrer, that the Declaration filed in said cause alleges an action upon a promissory note whereas no promissory note or copy of the same is attached to the Declaration signed or purported to be signed by the said Hiram M. Shumway (together with Dorice D. Shumway).

''4.

''And the defendant shows to the court as additional grounds of demurrer that there is an absolute variance between the alleged notes as set forth in the

Declaration and the copies of the same as attached to the Declaration in that the same were signed by different parties.

"5.

"And this defendant shows to the Court as additional grounds for demurrer that no copies of the notes sued upon are attached to the Declaration.

"6.

"And this defendant suggests to the Court as additional grounds of demurrer that the copies of the notes attached to the said declaration disclose that the party or parties indebted to the holder of the said notes is not the defendant, Hiram M. Shumway.

"7.

"And the defendant further shows to the Court that the said declaration is in other respects uncertain, informal and insufficient.

Hiram M. Shumway.<br>Hiram M. Shumway.

By Leal W. Reese
Leal W. Reese, his Attorney."

On September 15, 1930, defendant, Hiram W. Shumway, was granted leave to withdraw his demurrer, oyer of the notes was craved and granted, whereupon the defendant, Hiram W. Shumway, filed his demurrer after oyer craved, which was substantially similar to the original demurrer heretofore set forth, with the exception that the five notes were incorporated therein, a copy of one of which has been heretofore set forth in this opinion.

On September 24, 1930, defendant Hiram M. Shumway's demurrer was sustained, to which ruling of the court the plaintiff excepted. On September 25, 1930, defendant Hiram M. Shumway's motion to discharge the lien of judgment because there was no declaration

on file was allowed and the lien of open judgment was discharged. On November 10, 1930, plaintiff excepted, and prayed an appeal to the Appellate Court, Third District, which was allowed upon filing bond in the sum of $150. Plaintiff never perfected her appeal, but did sue out a writ of error to this court, to the October term, 1931, which writ of error, at the January term 1932 was dismissed by this court for the reason that there had been no final appealable judgment entered in favor of defendant, Hiram M. Shumway, or against the plaintiff.

On June 20, 1932, plaintiff asked leave to redocket the case and said case was then redocketed, and the mandate of the Appellate Court was filed, and on the same day plaintiff filed a motion to set aside the order theretofore entered sustaining the defendant's demurrer and discharging the lien, and asking leave to reargue the demurrer. On November 29, 1932, plaintiff's motion to set aside the order sustaining the demurrer and discharging the lien and asking for leave to reargue the demurrer was overruled, and the plaintiff having elected to stand by her declaration, the court ordered that the judgment theretofore entered by confession in favor of the plaintiff and against the defendants, in the sum of $12,238.52, be vacated, set aside, and for nought esteemed. "It is considered by the Court that the plaintiff take nothing by this suit, and that the defendant have and recover of and from the plaintiff the costs of the defendant herein expended, and that execution issue therefor." From this order plaintiff perfected her appeal to this court. This court in the April term, 1933, affirmed the judgment of the lower court for the reason that the abstract did not comply with Rule 4 of this court. This cause was then taken by certiorari to the Supreme Court which at the June 1934 term thereof held that the abstract was sufficient within Rule 4, and that this court was in error to

hold otherwise; reversed and remanded the cause to this court with directions to consider the cause upon errors properly assigned.

Plaintiff, Isabelle W. Shumway, contends that the trial court erred in sustaining defendant's demurrer to plaintiff's declaration; in vacating and declaring null and void the judgment previously entered by way of confession; and in adjudging that no cause of action existed in favor of plaintiff and that she take nothing by her suit, after she had elected to stand by her declaration.

We believe these are the grounds of complaint from the statement made on page 53 of the statement, brief and argument of plaintiff, and also from the statement on pages 4 and 5 of plaintiff's reply brief. Therefore, we will consider these alleged errors although some other questions are raised in plaintiff's brief.

This is a suit in trespass on the case of promises. The declaration complains of Dorice D. Shumway and Hiram M. Shumway, defendants, and alleges: ''. . . The Defendants, Dorice D. Shumway and Hiram M. Shumway have heretofore to-wit given their certain promissory notes'' and then describes the notes as running to Glenn F. Shumway and by him indorsed to the plaintiff. The declaration further alleges: ''. . . on to-wit the 27th day of January, 1926, the said Dorice D. Shumway and Hiram M. Shumway made and executed their note'' describing same, and, ''on to-wit April 7, 1926, they made, executed and delivered to the plaintiff another note'' describing same, and adds, ''each of said notes were then and there delivered to the plaintiff, and each of said notes the defendants by the name, style and description of Dorice D. Shumway and Hiram M. Shumway, promised to pay . . .''

From this declaration it is perfectly apparent that the declaration charged that Dorice D. Shumway and Hiram M. Shumway executed certain notes. The notes

themselves show that the notes and each and all of them were signed:

> "D. D. Shumway Estate
> By Dorice D. Shumway Ex
> By Hiram M. Shumway Ex"

Whether these notes became a part of the declaration because the judgment was entered by confession in vacation, or by defendant craving oyer and then incorporating them in the demurrer, as contended by defendant (*National Council of Knights & Ladies of Security v. Hibernian Banking Ass'n*, 137 Ill. App. 175) we will not discuss, for the reason that no complaint is made thereof by either side, and all litigants hereto have treated the matter as if the notes had been set out in the declaration. This shows that the plaintiff declared on instruments signed personally by Dorice D. Shumway and Hiram M. Shumway, and on their personal promises to pay. The notes show instruments signed "D. D. Shumway Estate," and a promise to pay by the D. D. Shumway Estate. In each case the name "D. D. Shumway Estate" was executed by "Dorice D. Shumway, Ex.," and "Hiram M. Shumway Ex." This constitutes a material variance between the contract declared on and the notes incorporated in the declaration. Where there is a material variance between the contract declared on and the contract proved it is fatal. *Farley v. Dean*, 196 Ill. App. 389; *Wheeler v. Reed*, 36 Ill. 81. In our opinion defendant's demurrer to plaintiff's declaration, which pointed out the variance, was properly sustained.

After defendant's demurrer was sustained plaintiff elected not to ask leave to amend her declaration but stood by her declaration, to which the court had properly sustained a demurrer, because the declaration, taken together with the notes, made a part thereof by oyer, did not state a cause of action against Dorice D. Shumway and Hiram M. Shumway. It, therefore, fol-

lows that the trial court properly vacated and declared null and void the original judgment entered by way of confession which had been opened on defendant's motion. Said motion is not before us, and no complaint is made of the propriety of the court in so opening that judgment.

The court properly adjudged that the plaintiff take nothing by her suit and that the defendant have and recover of and from the plaintiff the costs of the defendant herein expended and that execution issue therefor. There was nothing else for the court to do, because there was no declaration stating a cause of action against the defendants.

Plaintiff spends considerable time in her brief discussing the propriety of the court in allowing the defendant to file a demurrer after the judgment had been opened, and the defendant had been granted leave to plead to the merits. We do not feel that this question is properly before us. However, the question might have been presented by plaintiff's filing a motion to strike the demurrer because inconsistent with the leave granted to plead to the merits. This was not done, and the plaintiff cannot complain at this time because the court considered the demurrer, and ruled upon it.

Plaintiff argues at great length that there is or may be a personal liability on the part of Dorice D. Shumway and Hiram M. Shumway on these notes; that may or may not be true but the question is not involved here at all, the sole question being a clear variance between the allegations of the declaration and the notes made a part thereof.

Complaint is made that the defendants can only deny the execution of the notes by verified plea. They do not deny the execution of the notes incorporated in the declaration, but contend the notes incorporated in the declaration are not in accordance with the allegation describing the notes in the declaration.

Some cases are cited wherein the maker of a note signed his name and followed it with some descriptive matter. These cases are, of course, not in point, for the notes here were signed ''D. D. Shumway Estate. By Dorice D. Shumway Ex. By Hiram M. Shumway Ex.''

In our opinion defendant's demurrer was properly sustained, and plaintiff electing to stand by her declaration, the proper judgment was entered. The trial court did not err in his rulings on these matters, and the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*