## George B. Stitzel v. Edward J. Franks.

### Gen. No. 4,585.

1. ACCORD AND SATISFACTION—*what not good replication to plea of.*
A plea which avers an accord and satisfaction by the giving and acceptance of a note is not answered by a replication which sets up that the money sued for was not paid.

2. REPLICATION—*when defendant waives immaterial issue presented by.* A defendant who accepts an immaterial issue tendered by replication and goes to trial without either demurring to such replication or asking judgment, thereby waives such immaterial issue.

Action of assumpsit. Appeal from the County Court of Lee County; the HON. ROBERT H. SCOTT, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed April 20, 1906.

H. A. BROOKS and J. W. WATTS, for appellant.

JOHN E. ERWIN, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Franks sued Stitzel in the County Court upon a promissory note for the principal sum of $225. Defendant pleaded *non assumpsit*, accord and satisfaction, and a former adjudication. The plea of accord and satisfaction alleged an accounting in which defendant was found indebted to the plaintiff in the sum of $125, and that for that sum defendant made and delivered to the plaintiff his promissory notes due in three and six months after date, and that plaintiff accepted the same. To this plaintiff replied that plaintiff ought not to be barred by anything in that plea alleged, because "defendant did not pay to the plaintiff the moneys in said second plea in that behalf mentioned," etc. To the plea of prior adjudication plaintiff filed several replications, denying there was such a record, and denying that the suit mentioned in the said plea was upon the same promises and undertakings set up in the declaration in this case. Issues were joined upon all these replications. A jury was waived, and upon a trial plaintiff had a judgment for the amount of the note and interest, and defendant appeals.

Stitzel v. Franks.

Defendant's principal contention here is that the replication to the plea of accord and satisfaction admitted the settlement set forth in the plea. The replication did not deny the delivery to plaintiff of the notes in the second plea mentioned, but denied that defendant paid the plaintiff the moneys in said plea mentioned, in full satisfaction and discharge of the promises in the declaration mentioned. This was a departure from the plea, and presented an immaterial issue. But defendant did not demur to the replication, but joined issue thereon, and the cause was tried as if the replication had traversed the material allegations of the plea as to the making and receipt of the two promissory notes in satisfaction of the amount found due upon an accord and satisfaction. Defendant did not rely upon the supposed confession in the replication as authorizing a judgment in his favor, the position which is taken here. If defendant had either demurred to the replication and pointed out its departure from the language of the second plea, or upon the trial had claimed that this replication was a conclusive confession that such a settlement had been had and such notes executed and accepted in satisfaction of the cause of action set forth in the declaration, then plaintiff would no doubt have amended his replication. As the defendant did not raise this question in the court below, but joined issue on this imperfect replication, and tried the case as if the second plea was traversed thereby, we are of opinion we should treat the case as if there had been a sufficient replication. The rules governing this are laid down by us in Supreme Court of Honor v. Barker, 96 Ill. App. 490, where there was a similar defect in a plea.

Defendant gave this note to plaintiff for borrowed money. Afterwards plaintiff and defendant entered into a partnership and transacted business as partners for a month or longer. They kept no books of account, but put down their financial transactions on slips of paper, and upon the dissolution of the partnership disagreed as to the state of the accounts between them. They agreed upon a settlement, but the settlement was not carried out. The terms of the

settlement are in dispute, but both sides agree that the settlement was not carried into effect, so that there was no accord and satisfaction, even on defendant's own theory and testimony. The chief question litigated, however, was whether or not this attempted settlement related only to the partnership transactions, or whether it also included the note here sued upon, which was given before the partnership was formed. The evidence upon that subject is conflicting, and the state of the record would not justify our disturbing the conclusion of the trial judge. Indeed we think he reached the correct conclusion on the facts. Prior to the bringing of this suit plaintiff sued defendant before a justice upon the partnership matters and obtained a judgment. This promissory note was beyond the jurisdiction of the justice, and we are satisfied it was not litigated in that suit.

We find no reversible error in the record, and the judgment is therefore affirmed.

*Affirmed.*